G., C. & S. F. R'y Co. v. H. F. Sumrow.

(No.

Appeal from Hunt County.   Opinion by Willson, J.

Alexander & Clark, counsel for appellant.

No counsel appeared for appellee.

§ 329. *Market value of growing crop; evidence admissible to prove.* It was not error to admit the evidence objected to by appellant as to the damage done to appellee's crop. It is evident from appellee's claim that it was for damages for the partial destruction of his matured but ungathered cotton crop. In arriving at an estimate of such damage it was competent for him to prove that the cotton destroyed would have made, when gather, ginned and baled, three average bales, and that the market value of said three bales would have been $40 each, less the expenses of gathering, ginning and baling, which would have been $10 per bale. Such evidence with reasonable certainty fixed the market value of the ungathered cotton which had been destroyed. If the cotton destroyed had not been matured at the time of its destruction, a conjectural estimate of what

the crop would have produced would not have been sufficient or admissible evidence to prove market value. [White & W. Cond. Civil Cas., §§ 482, 1139; 2 W. Cond. Civil Cas., § 288.]

§ **330.** *Costs on appeal from justice's to county court; how awarded when the judgment is reduced.* There is an error in the judgment in so far as it adjudges all the costs against appellant. This suit originated in the justice court, in which court a judgment for $150 was rendered against appellant. On appeal to the county court and upon a trial *de novo,* the justice's judgment was reduced to the sum of $118.33⅓. This entitled appellant to recover the costs of the county court, unless for good cause stated in the record the county court should adjudge otherwise, and no cause is stated in the record in this case for adjudging all the costs against appellant. [R. S., arts. 1432–1434; 2 Willson's Cond. Civil Cas., § 624.] The judgment is here reversed and reformed so as to adjudge the costs of the county court against appellee, and the costs of this appeal are also adjudged against appellee.

December 14, 1887.    Reversed and reformed.