SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY ET AL. v. T. O. MARTIN ET AL.

Decided February 12, 1908.

**1.—Carrier of Live Stock—Negligence—Pleading.**

In an action against a railroad company for damage to a shipment of cattle caused by negligence in handling and delay in transportation, pleadings considered, and held not subject to special exception on the ground that they were not sufficiently full and specific.

### 2.—Same—Reasonable Care—Charge.

In an action against a railroad company for damage to a shipment of cattle the court charged the jury that it was the duty of a railroad company to transport the cattle with all reasonable diligence and speed and within a reasonable time. Held, that the distinction between said charge and a charge to the effect that it was the duty of the railroad company to exercise reasonable care to safely transport within a reasonable time etc., is too nice to just:fy the conclusion that the jury were misled thereby. The two forms of expression are often treated as interchangeable.

### 3.—Charge—Practice.

It is permissible for a trial judge in his charge to first state the rules of law pertinent to the case in the abstract, and then in the concrete in submitting the issues of fact to the jury.

### 4.—Improper Argument—Harmless, when.

Improper language used by counsel in addressing the jury becomes harmless when withdrawn by the counsel and the jury are instructed by the court to disregard it.

Appeal from the District Court of Falls County. Tried below before Hon. Sam R. Scott.

*Spivey & Carter,* for appellants.—It is the duty of a plaintiff to so present his case as to advise the defendant what he is called upon to meet, giving the time and place when and where and manner in which his cause of action arose; and on failure to do so, a special exception should be sustained. San Antonio & A. P. Ry. v. Woodley, 49 S. W., 691. See this case for a reasonably good petition on this subject.

The duty of a carrier is to exercise reasonable care to safely transport within a reasonable time, and a charge which requires them to transport within a reasonable time is error, and harmful error where, as in this case, no dispute of the fact of delay was made. San Antonio & A. P. Ry. v. Turner, 94 S. W., 216; International & G. N. R. v. Young, 72 S. W., 68; Texas & P. Ry. v. Tribble, 67 S. W., 890, where a proper charge is approved; Texas & P. Ry. v. McCoy, 38 S. W., 36; Bibb v. M., K. & T. Ry., 84 S. W., 663.

The court erred in refusing to set aside the verdict and judgment in this case because of improper remarks of plaintiffs' counsel in his closing argument to the jury as follows: "This railroad (meaning the M., K. & T. R. R. Co. and the M., K. & T. R. R. Co. of Texas), that has brought these men down here to testify; this railroad that kept these cattle and would not let another road have them; this railroad, with tracks that cost $60,000 a mile for bonding purposes, and $10,000 a mile for taxing purposes." Chicago, etc., Ry. Co. v. Gillett, 99 S. W., 712.

*Z. I. Harlan,* for appellees.—A petition which charges the initial, connecting and terminal carriers with negligence in transporting cattle, and alleges the damages resulting therefrom, is sufficient without alleging when and where the negligence occurred and what effect the negligence of each carrier had on the cattle, though the shippers' agents accompanied the shipment. International & G. N.

v. Jones, 91 S. W., 611, in point, and in which writ of error was refused; 3 Ency. Pldg. and Prac., 848.

The two terms, "ordinary care" to transport within a reasonable time, which appellant contends should have been the charge, and "reasonable diligence" to transport within a reasonable time, used in the charge, are synonymous, and there was no error in the use of the latter instead of the former term.    St. Louis S. W. Ry. v. Hunt, 81 S. W., 322; Missouri, K. & T. v. Stanfield, 90 S. W., 518; Chicago, R. I. & P. Ry. v. Gillett, 99 S. W., 713; 21 Am. & Eng. Ency. Law (2d ed.), 464, and authorities cited in note 5; 21 Am. & Eng. Ency. Law (2d ed.), 1006, note and authorities cited; 23 Am. & Eng. Ency. Law (2d ed.), .946, note and authorities cited; 9 Am. & Eng. Ency. Law (2d ed.), 456, note and authorities cited.

Where the improper remarks of counsel are withdrawn and the jury charged not to consider them, it will be conclusively presumed that the jury obeyed instructions and were uninfluenced by such remarks.    Chicago, R. I. & P. Ry. v. Gillett, 99 S. W., 713; Texas & N. O. Ry. v. Scarborough, 104 S. W., 414; San Antonio & A. P. Ry. v. McMillan, 98 S. W., 421.

KEY, Associate Justice.—T. O. Martin and J. W. Hamilton brought this suit against the San Antonio & Aransas Pass Railway Company, the Missouri, Kansas & Texas Railway Company and the Missouri, Kansas & Texas Railway Co. of Texas, for damages on account of declining market, excess shrinkage and extra feed on a shipment of cattle from Rosebud, Texas, to the National Stock Yards in East St. Louis, Ill., alleged to have been caused by unreasonable and negligent delays in transportation.

At the trial the court instructed a verdict for the San Antonio & Aransas Pass Railway Company, and that defendant went out of the case.    The other two defendants answered together by general denial, and also averred that the cattle were transported with all reasonable dispatch until they reached Denison, where, on account of unprecedented overflows north of Denison, the cattle were held for a time in an effort to proceed northward, and later were returned to Ft. Worth and sent forward by another route.    The defendants averred that they did all in their power to advance the shipment, including a futile effort to re-route it at Denison before going back to Ft. Worth.

By supplemental petition the plaintiffs interposed special exceptions to the defendants' special answer, and responded thereto by a general denial.

There was a jury trial resulting in a verdict for the plaintiffs against both defendants for $452.83 for decline in market value, $778.46 for shrinkage in weights and $91.25 for extra charges paid, with six percent interest on each item from June 13, 1904.    The plaintiffs filed a remittitur for the $91.25 awarded by the verdict for extra charges, and the court rendered judgment for the plaintiffs against the defendants for $1,231.29, with six percent interest from June 13, 1904, and the defendants have appealed.

The first assignment of error is addressed to the action of the

court in overruling a special exception to the averments in the plaintiffs' petition charging negligence and failure to transport with reasonable diligence. It was charged in the plaintiffs' petition that the two defendants who were held liable and have appealed, were partners, and the ninth and tenth paragraphs of the petition read as follows:

"IX. That after receiving said cattle for shipment, as aforesaid, it then became and was legal duty and obligation of each of said defendants to handle the same with ordinary care and prudence, and to transport the same with all reasonable diligence and speed over their respective lines of railroad from point of receipt by them towards their destination, in order that they might be delivered at destination in good marketable condition; that by the exercise of reasonable diligence and speed by said defendants in the running and operating of their trains over their respective lines of railroad in hauling said cattle, and by the exercise of ordinary care and prudence on their part, said cattle should and ought to have been hauled and transported from Rosebud, Texas, to National Stock Yards, East St. Louis, Illinois, on or by the 6th day of June, 1904. That said defendants did not exercise reasonable diligence and speed in the running and operating of their trains over their respective lines of railroad in hauling said cattle and did not transport and haul said cattle with reasonable diligence and speed over their respective lines of railroad after they received the same, as aforesaid, and did not deliver the same or cause the same to be delivered to plaintiff's said brokers at destination in due time, but, on the contrary, they each negligently and carelessly delayed said cattle in transit over their respective lines of railroad so that they did not reach their point of destination aforesaid until late in the afternoon of the 11th day of June, 1904, too late to be sold on the cattle market at that place of that day.

"X. That at the time of their delivery to said defendants, as aforesaid, said cattle were fat and in good condition for market; that said cattle were being shipped, and were in fact shipped, by plaintiffs for the purpose of being sold upon the cattle markets of National Stock Yards, East St. Louis, Illinois, as was well known to defendants and each of them, and it became and was the duty of each of said defendants to so care for said cattle in transit and to so handle and haul them that they would arrive at said market within a reasonable time after shipment, and would arrive in good flesh and good marketable condition; that by exercise of proper care and reasonable diligence and proper speed in hauling the same over their respective lines of railroad, said cattle should and ought to have arrived at their destination and market aforesaid in good marketable condition and appearance and still fat; that said defendants did not exercise proper care in the handling of said cattle in transportation by them, and did not haul the same with proper care and speed, but the same were delayed in transit an unusual length of time as hereinbefore alleged; that during said delay the said cattle were kept confined in cars by each of said defendants and in muddy and crowded pens, without rest and without water

and food, or a sufficient amount of water and food, and without rest, and by reason thereof they became tired and restless and hooked and gored each other, became shrunken in flesh and weight and emaciated and drawn and of bad marketable appearance and condition, by reason of all. of which plaintiff's said cattle greatly depreciated in value and plaintiffs suffered great financial loss."

These averments are as full and specific as those held to be sufficient in International & G. N. Ry. Co. v. Jones, 41 Texas Civ. App., 327, decided by this court, and writ of error denied by the Supreme Court. By the contract sued on appellants obligated themselves to transport and deliver the shipment with reasonable diligence, and if they failed to do so, and negligently delayed the shipment, it was sufficient to charge in the petition that they were guilty of such negligent delay, without setting out the evidence relied on to prove it.

Under the second assignment complaint is urged against a paragraph of the court's charge stating that it was the duty of a railroad company to transport cattle received for shipment with all reasonable diligence and speed and within a reasonable time. The first proposition submitted under that assignment asserts that the duty of the carrier is to exercise reasonable care to safely transport within a reasonable time, and that a charge which requires the carrier to transport within a reasonable time is erroneous. If the distinction contended for is not hypercritical, it is too nice to justify the conclusion that the jury were misled by the paragraph referred to, when construed in connection with the entire charge. The two forms of expression are often treated as interchangeable. (St. Louis S. W. Ry. Co. v. Hunt, 81 S. W., 322; Missouri, K. & T. Ry. Co. v. Stanfield, 40 Texas Civ. App., 385; International & G. N. Ry. Co. v. Trump, 100 Texas, 208; Chicago, R. I. & P. Ry. Co. v. Gillett, 99 S. W., 713; 21 Am. & Eng. Ency. Law (2d ed.), 464 and 1006, and authorities there cited; 23 id., 946; 9 id., 456, and authorities there cited.)

The second and last proposition under the second assignment is incomplete, but points to the contention that if the paragraph complained of was corrected by the other portions of the charge, then undue prominence was given to the question of failure to transport with reasonable dispatch. We overrule that contention and hold that it is permissible for a trial judge in his charge to first state the rules of law pertinent to the case in the abstract, and then in the concrete in submitting the issues of fact to the jury.

The third and fourth assignments present kindred questions, and are disposed of by what has been said in reference to the second assignment.

There are several other assignments complaining of the court's charge, and others relating to the refusal of requested instructions. Considering the entire charge and several instructions given at the request of appellants, we are of opinion that the case was submitted to the jury with reasonable fairness and accuracy, and that the assignments referred to are without merit.

We also overrule the assignments which are addressed to the

action of the court in admitting certain testimony. There are several assignments which assail the verdict of the jury, but we find testimony in the record which authorized the jury to find that the appellants failed to exercise reasonable care and diligence, and were guilty of unreasonable and negligent delay in transporting the shipment, and were not excused for failure to comply with their contract by unprecedented floods, and that the shipment was damaged and plaintiffs sustained injury to the extent awarded by the judgment, and we so find the facts.

The language used by the plaintiffs' attorney in addressing the jury, which is complained of by the twenty-second assignment of error, was improper, but it was withdrawn by the attorney referred to when it was objected to, and the court specifically instructed the jury to disregard it. Hence, we conclude that the case should not be reversed on that account.

The other language objected to by another assignment we are inclined to think was not improper. However, it was also withdrawn, and the jury instructed to disregard it.

Upon the whole case our conclusion is that no reversible error has been shown, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.