ST. LOUIS & S. F. R. CO. v. CARTWRIGHT et al.

(Court of Civil Appeals of Texas. Dallas. Nov. 16, 1912. Rehearing Denied Dec. 7, 1912.)

1. NEW TRIAL (§ 71*)—GROUNDS — VERDICT CONTRARY TO EVIDENCE.

Where the evidence was conflicting, but sufficient to sustain the finding of the jury, a new trial, on the ground that the verdict was against the preponderance of the evidence, was properly denied.

[Ed. Note.—For other case, see New Trial, Cent. Dig. §§ 144, 145; Dec. Dig. § 71.*]

2. APPEAL AND ERROR (§ 1002*)—REVIEW—QUESTION OF FACT.

Where the evidence was conflicting, but sufficient to sustain the finding of the jury, the verdict will not be disturbed, as against the weight of the evidence, on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

3. APPEAL AND ERROR (§ 500*) — RECORD—MATTERS TO BE SHOWN BY RECORD.

Where there was no judgment or record entry showing any ruling on an exception to the petition, such ruling cannot be reviewed, although preserved by a bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 500.*]

4. CONTINUANCE (§ 31*)—SURPRISE AT TRIAL.

Where the petition in a shipper's action contained general allegations of unnecessary and unreasonable delay and rough handling of the shipment, surprise justifying a continuance cannot be predicated on the admission of evidence of particular acts of delay and rough handling, although defendant had excepted to the petition as too general, especially where defendant had taken depositions to rebut such evidence, thus showing that it was not surprised thereby.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 96–98; Dec. Dig. § 31.*]

5. TRIAL (§ 251*)—INSTRUCTIONS — APPLICATION TO ISSUES.

The refusal of an instruction requested by defendant, relative to an issue not submitted to the jury as a ground of recovery, was not error, since the failure to submit such issue withdrew it from the consideration of the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

Appeal from District Court, Kaufman County; F. L. Hawkins, Judge.

Action by Matthew Cartwright against the St. Louis & San Francisco Railroad Company and others. From a judgment for plaintiff, the defendant named appeals. Affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Andrews, Ball & Streetman, of Ft. Worth, and A. H. Dashiell, of Terrell, for appellant. Wynne & Wynne, of Wills Point, for appellee.

TALBOT, J. The appellee Matthew Cartwright sued the appellant, St. Louis & San Francisco Railroad Company, and the Paris & Great Northern Railroad Company and the Texas Midland Railroad for damages to 180 head of beef cattle, shipped on the 5th day of June, 1909, from Kaufman, Tex., to East St. Louis, Ill. The plaintiff alleged four grounds of negligence, namely: (1) "That the cars in which the cattle were loaded were not properly bedded." (2) "That they were negligently delayed on each and all the lines of railway of said defendants over which said cattle were being transported." (3) "That the cars were roughly handled and bumped and jostled together, knocking said cattle down and against each other, and against the sides of the cars, causing them to be bruised, torn, and scratched, and several of them to be crippled; that the employés of each of said defendants were guilty of this kind of handling of said cattle." (4) "That the cattle were unloaded at Newburg in muddy pens, and that the St. Louis & San Francisco Railroad Company was guilty of negligence in not having suitable pens for unloading stock for feed and rest."

It was alleged that the cattle were intended for the St. Louis market of Monday morning, June 7th, and arrived too late for that morning's market, and had to be held over to the market of June 8th; that by reason of the delay the cattle lost in weight 40 pounds per head; that the market declined from the 7th to the 8th 10 cents per hundredweight; that on account of the bruised and muddy appearance of the cattle, etc., they lost 50 cents per hundredweight.

All the defendants answered, specially excepting to plaintiff's petition, because the "allegations of delay and rough handling do not state the time and places, and on what line of road, the delays and rough handling occurred." The St. Louis & San Francisco Railroad Company further answered, after a general denial, (1) that the usual and ordinary time for transportation of cattle from Kaufman, Tex., to East St. Louis, Ill., was from 42 to 48 hours; (2) that the cattle were received from the codefendant, Texas Midland Railroad at Paris, Tex., at 5:15 p. m. the same day, arriving at St. Louis at 9 a. m. on the morning of June 7th, carried through the city of St. Louis and across the river to the National Stockyards, East St. Louis, and there delivered, June 7th, at 11:40 a. m.; (3) that on arrival at Newburg, Mo., on June 6th, at 6:30 p. m., the cattle had been on the cars 31 hours and 15 minutes; that it was impossible to run the cattle from Newburg to East St. Louis, Ill., in the remaining 4 hours and 45 minutes, and that they were compelled to unload said cattle in Newburg for rest, feed, and water in compliance with the federal statute prohibiting carriers from keeping cattle on board the cars longer than 36 hours without unloading for feed, rest, and water; (4) that if the pens at Newburg, Mo., were muddy it resulted from natural causes; (5) that if any of the steers were crippled en route it was caused by the natural viciousness of the cattle; (6) that the cattle were handled with ordinary care and dispatch, and transported in a reasonable time; and that it is impossible to transport cattle without delay for numerous causes.

During the progress of the trial plaintiff offered testimony of delays and rough handling of his cattle and at certain points on appellant's line of road, after which the defendants moved that said testimony be stricken out, and the court overruled the motion. Then the defendants filed a motion to withdraw their announcement of ready, and to continue the case on the ground of surprise, in order that they might secure testimony to rebut the evidence of specific acts of rough handling and delays offered by plaintiff, and this motion was by the court overruled.

The case was tried before a jury, and a verdict returned for plaintiff against the defendant St. Louis & San Francisco Railroad Company for the sum of $1,024.05, and against the plaintiff, and in favor of the other defendants, Paris & Great Northern Railroad Company and Texas Midland Railroad. The motion of the defendant St. Louis & San Francisco Railroad Company having been overruled, it appealed.

[1, 2] The first, second, third, and fourth assignments of error complain, respectively, of the court's action in overruling appellant's motion for a new trial, and for grounds of this complaint assert, in effect, that the verdict of the jury is not only against the great preponderance of the evidence on the questions of unreasonable delay in the transportation of the cattle and of rough handling of the same, but that there is no evidence showing either such delay or such handling on appellant's road. In this view of the evidence we do not concur. The evidence was conflicting, but sufficient to sustain the finding of the jury upon both of these issues. This being true, the trial court was justified in overruling the motion for a new trial; and under repeated decisions of the appellate courts of this state we would not be warranted in disturbing the verdict and judgment on the grounds urged in the assignments under consideration. It is the peculiar province of the jury, under our practice, to determine all questions of fact.

[3] The fifth assignment of error is as follows: "The court erred in overruling special exception No. 1, in defendant's first amended answer, excepting to the allegation in plain-

tiff's original petition, upon the ground that the allegations of rough handling and delay did not state the time and place, and on what line of road, the delay and rough handling occurred." We find no judgment or record entry showing any such ruling as that complained of in the assignment; and, in the absence of such a judgment, the ruling, although preserved by a bill of exception, which is contained in the transcript, cannot be reviewed on appeal. For a discussion of the question and citation of authorities sustaining this view, see Daniel v. Daniel, 128 S. W. 469, decided by this court, and writ of error denied by the Supreme Court.

[4] The question, however, is incidentally raised by appellant's seventh assignment of error. This assignment is that the "court erred in overruling and not sustaining the defendant's motion to withdraw its announcement of ready, and to continue this case on the ground of surprise in the introduction of the evidence of the delays at Paris, Springfield, and Newburg, and the rough handling at or near Springfield and Newburg, so as to enable the defendant to obtain evidence in rebuttal of the specific acts of the delay and rough handling testified to by the witness." The assignment is submitted as a proposition, and, in addition thereto, the following proposition: "The defendant having used proper diligence to require the plaintiff to disclose the facts constituting his cause of action, and being surprised by the evidence of Harden, and the evidence being material, the application to withdraw the announcement of ready, and to continue the cause, should have been granted." There was no error in this action of the court. The general allegations of unnecessary and unreasonable delay and rough handling of the cattle were sufficient to admit proof thereof, and surprise could not be predicated upon its admission. Railway Co. v. Jones, 41 Tex. Civ. App. 327, 91 S. W. 611; Railway Co. v. Martin et al., 49 Tex. Civ. App. 197, 108 S. W. 981; Railway Co. v. Cunningham, 51 Tex. Civ. App. 368, 113 S. W. 767. Besides, the record discloses that the appellant, anticipating that testimony would be offered by appellee to show delays and rough handling of the cattle at the points mentioned in the assignment, had prepared itself to introduce rebutting testimony in regard thereto by taking the depositions of the several conductors in charge of the shipment from Paris, Tex., to the point of destination, the deposition of the foreman of the Paris & Great Northern Railroad Company at Paris, Tex., the depositions of its stockyard foreman and its assistant superintendent at Newburg, Mo., and also the depositions of certain of the employés of the Terminal Railroad Association and of the St. Louis National Stockyards. By the testimony of these witnesses, appellant endeavored to meet the issues pleaded and sought to be proved by appellee, and this refutes the idea that appellant was, in fact, surprised at the admission of testimony showing delays and rough handling of appellee's cattle at Paris, Springfield, and Newburg. Under the circumstances disclosed by the record, the court did not err in refusing to allow appellant to withdraw its announcement and continue the case.

[5] Nor did the court err in refusing to instruct the jury, as requested by appellant, that if the cattle were delivered at the stockyards by appellant on June 7, 1909, before the market closed for that day, appellee could not recover any damages by reason of the cattle having been held over until June 8th. The only grounds of negligence submitted, and upon which the jury were authorized by the court's general charge to predicate a verdict in favor of appellee, were delays in transit, rough handling of the cattle, and placing them in muddy pens at Newburg, Mo., resulting in injury to the cattle and causing them to shrink in weight. The issue tendered by the pleadings of the appellee, to the effect that he sustained damages on account of the negligence of appellant in failing to transport the cattle to St. Louis in time to be placed on the market for sale on the 7th of June, 1909, was not submitted to the jury as a ground of recovery; and the failure to submit such issue had the effect to withdraw it from the consideration of the jury altogether. The refusal to give the special charge, therefore, resulted in no injury to appellant, and furnishes no just ground of complaint.

We are further of the opinion that the evidence was sufficient to justify the conclusion that the pens in which the cattle were placed in Newburg, Mo., were muddy and filthy as a result of the failure of appellant to exercise ordinary care to better their condition, and that appellant, was guilty of negligence in putting the cattle in these pens and keeping them there for the length of time shown by the evidence, which proximately resulted in a depreciation in their value and loss to appellee. The court did not, therefore, err in overruling appellant's motion for a new trial, based on the alleged insufficiency of the evidence to establish this issue.

There are several assignments of error that have not been discussed. Some of these assignments have been disposed of by what has already been said, and none presents reversible error. The material allegations of the plaintiff's petition were sufficiently established by the evidence to warrant the verdict rendered, and the judgment of the district court based thereon will be affirmed.

Affirmed.