ROBERTSON v. BALKAM.   (No. 5781.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 14, 1917.)

1. APPEAL AND ERROR ⚖➡1091(3) — INTERMEDIATE COURTS—JURISDICTION.

A justice court is a domestic court of general jurisdiction, and it will be presumed that it had power to make the judgment rendered by it until the contrary is shown by the record; therefore a judgment of a justice, in an action on a note for $79, and to foreclose a lien on household furniture, cannot, though the justice's record did not show the value of the furniture, be attacked on the ground that the value of the furniture was not within the jurisdiction of the justice court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4304–4306.]

2. APPEAL AND ERROR ⚖➡1091(3)—INTERMEDIATE COURTS—JURISDICTION.

A judgment of a justice foreclosing, in an action on a note, a lien on furniture, cannot be attacked on the ground that the value of the fur-

niture was beyond the justice's jurisdiction, where the record on appeal to the county court showed that its value was less than $150.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4304–4306.]

3. BILLS AND NOTES ☞534 — ACTIONS — ATTORNEY'S FEES.

Where a note provided for 10 per cent. attorney's fees if not paid at maturity, and suit was instituted on the third day of grace, attorney's fees were properly allowable where trial was not had until nearly two months thereafter; the error in prematurely filing the action having been cured.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1946, 1947.]

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by Mrs. H. Balkam against J. H. Robertson, begun in justice court and appealed to county court. From a judgment there for plaintiff, defendant appeals. Affirmed.

Alex C. Bullitt, of San Antonio, for appellant. Wm. C. Church, of San Antonio, for appellee.

SWEARINGEN, J. The appellee, Mrs. H. Balkam, filed suit in the justice court against appellant, J. H. Robertson, on a promissory note for $79, together with 10 per cent. interest and 10 per cent. attorney's fees, and to foreclose a lien on household furniture of the value of less than $150. The pleadings of appellee in the justice court were oral. Judgment was rendered against appellant for the amount, and foreclosure sued for. Appellant appealed to the county court, where judgment was again rendered against him.

Appellant assigns two errors for review by this court.

[1, 2] The first is that it does not appear of record that the value of the mortgaged personal property was within the jurisdiction of the justice court. This is overruled, because a justice court is a domestic court of general jurisdiction, and the law will presume that it "had power to make the judgment rendered by it, unless the contrary is shown by the record." Williams v. Ball, 52 Tex. 607, 36 Am. Rep. 730; Koehler v. Earl, 77 Tex. 191, 14 S. W. 28. The record of the proceedings in the justice court did not show that the value of the furniture was beyond the jurisdiction of the court. However. the record before us from the county court shows affirmatively that the value of the furniture was less than $150, of which the justice court had jurisdiction.

[3] The second assignment complains of error because the judgment contained an attorney's fee of 10 per cent. of the amount of the note. The point made is that the 10 per cent. was promised to be paid only in the event the note was not paid at maturity, and that the note had not matured when suit was filed because the payer had three days of grace, and suit was filed on the last one of the three days of grace. The record before

us shows that the third day of grace, upon which suit was filed, was October 18, 1915; that the cause was tried on an amended oral pleading December 17, 1915; and the cause of action, if prematurely filed, having in the meantime accrued, the objection was cured. Dalton v. Rainey, 75 Tex. 520, 13 S. W. 34.

Both assignments are overruled.

The judgment is affirmed.