BROWN et al. v. GREEN. (No. 1974.)

(Court of Civil Appeals of Texas. Texarkana. June 6, 1918.)

1. JUSTICES OF THE PEACE ⬤≈44(2)—JURISDICTION—CHATTEL MORTGAGES.

In mortgage foreclosure, where the value of mortgaged property exceeds $200, the justice court has no jurisdiction, even though the debt sued for is for a less amount.

2. JUSTICES OF THE PEACE ⬤≈44(2)—JURISDICTION—CHATTEL MORTGAGES.

The jurisdiction of a justice of the peace in a mortgage foreclosure must generally be settled by the pleadings of the plaintiff, who must allege the value of the property, and where this has been done in good faith, and there is no effort to show fraud, jurisdiction upon the ground of amount cannot thereafter be raised by proof of greater value.

3. JUSTICES OF THE PEACE ⬤≈208(3)—CERTIORARI—RECORD—PRESUMPTION.

On certiorari to review a judgment of a justice of the peace, where the petition merely states the value of the property involved in a mortgage foreclosure, and not what the plaintiff in his pleading in a justice court alleged it to be, and there is no claim of fraud, it will be presumed that the plaintiff stated a case within the jurisdiction of the justice court.

Error from Lamar County Court; Tom L. Beauchamp, Judge.

Petition in the county court by J. M. Brown and others for certiorari to review a judgment of a justice of the peace in the case of F. P. Green against J. M. Brown and others. From a judgment dismissing the petition, the petitioners bring error. Affirmed.

Mahaffey, Keeney & Dalby, of Texarkana, for plaintiffs in error. W. L. Hutchison, of Paris, for defendant in error.

HODGES, J. This is an appeal from a judgment of the county court of Lamar county dismissing a petition for a certiorari to the justice court of precinct No. 1. The record shows that in March, 1907, defendant in error, Green, recovered a personal judgment against plaintiff in error, J. M. Brown, in the justice court for the sum of $196.90 and a foreclosure of the mortgage lien upon several head of stock. Mrs. J. M. Brown appears to have been a party to that suit. The petition for a certiorari recites the rendition of the judgment, and alleges that the property upon which the mortgage was foreclosed aggregated in value $340, and for that reason the suit was not within the jurisdiction of the justice court. It is also alleged that an order of sale had been issued and is now in the hands of the sheriff of Bowie county, who is threatening to levy upon the stock. It is further alleged that the petitioners reside in Bowie county, and have never agreed in writing to pay the debt sued for in Lamar county or any place outside of the county of their residence; that they have never entered an appearance in that cause, but that the justice of the peace arbitrarily rendered a judgment against them by default; that they have a good defense to the suit in that they did not at the time and do not now owe the debt sued for, or any part of it; and that they were deprived of the opportunity for setting up that defense by reason of the illegal action of the justice of the peace. The writ of certiorari was granted by the county judge, but at a subsequent term of the county court it was dismissed on motion of the defendant in error. While in their petition the plaintiffs in error present two grounds for the certiorari, it is conceded in their brief that the averments are sufficient to sustain only that which assails the jurisdiction of the justice court.

[1, 2] It has been well settled that in suits like the present the value of the mortgaged property determines the jurisdiction of the court, and that, where this exceeds $200, the justice court has no jurisdiction, even though the debt sued for be for a less amount. But the question of jurisdiction must generally be settled by the pleadings of the plaintiff. It devolves upon him, when seeking the foreclosure of a chattel mortgage in the justice court, to allege the value of the incumbered property and disclose a case of which that court may take cognizance. Where this has been done in good faith, and there is no effort to abate the suit upon the ground of fraud in making the averments as to value, the question of jurisdiction upon that ground must be regarded as settled, and cannot be thereafter raised in the trial by proof of greater value. Turner & Bro. v. Gable, 195 S. W. 348, recently decided by this court; Hrancky v. Sell, 199 S. W. 315; Reeves v. Faris, 186 S. W. 772.

[3] In this case the petition for the certiorari merely states the value of the property, and not what the plaintiff in his pleadings in

---

the justice court alleged it to be. We may concede that the property does actually exceed in value the sum of $200, but in the absence of an averment or a showing to the contrary we must presume that the plaintiff in his pleadings stated a case within the jurisdiction of the justice court. Presumably those pleadings were oral, and the record does not contain any notation indicating their substance. Where there is no attack upon the good faith of the plaintiff, we are not justified in assuming that he acted otherwise. We conclude that the application for a certiorari does not conclusively present a controversy over which the justice court did not have jurisdiction.

The judgment of the county court will therefore be affirmed.