NEW FENFIELD TOWNSITE CO. v. KING.
(No. 6059.)

(Court of Civil Appeals of Texas. San Antonio. June 12, 1918. Rehearing Denied July 1, 1918.)

1. PRINCIPAL AND AGENT ⚬⟱146(2)—UNDISCLOSED PRINCIPAL—LIABILITY.

An undisclosed principal may be sued for breach of a contract made with the agent in entire ignorance of the principal.

2. PRINCIPAL AND AGENT ⚬⟱145(2) — UNDISCLOSED PRINCIPAL—RIGHT TO SUE.

Assuming the court erroneously found an agent not liable for breach of a contract, the liability of the undisclosed principal was not thereby affected.

3. APPEAL AND ERROR ⚬⟱1033(8)—HARMLESS ERROR.

In action for destruction of cotton where plaintiff claimed damages of $900, the defendant could not complain that the court required a remittitur and rendered judgment for $500.

4. COURTS ⚬⟱169(2)—JURISDICTION—COUNTY COURT—TEXAS.

In the absence of allegation of fraudulent attempt to confer jurisdiction on the county court, finding that cotton destroyed was of value of $1,500 did not deprive the court of authority to render judgment for the amount claimed in the petition, which was within its jurisdiction.

5. TRIAL ⚬⟱192 — INSTRUCTIONS — ASSUMING FACTS.

Where plaintiff testified that there was breach of contract, which was not denied but de-

fendant claimed there was no contract, and all the evidence showed a breach if there was a contract, the court could assume the breach as a fact.

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by J. H. King against the New Fenfield Townsite Company. Judgment for plaintiff, and defendant appeals. Affirmed.

John D. Hartman, of San Antonio, for appellant. Jas. F. Boyls and T. H. Ridgeway, both of San Antonio, for appellee.

FLY, C. J. This is a suit instituted by appellee against the New Fenfield Townsite Company and Thomas Goggan, president of said company, to recover damages for the destruction of a growing crop of cotton. A trial by jury upon special issues resulted in a judgment in favor of appellee for $500.

The allegations of the petition show that appellant agreed to give appellee all the cotton he might gather from volunteer cotton on 125 acres of cleared land, in consideration that appellee should clear the mesquite brush off two or three acres on the unimproved part of the land, and that he cleared the brush from the two or three acres of land, and when he had gathered a part of the cotton appellant entered upon the land and cut down and destroyed the cotton. Appellee proved the contract as alleged if his testimony is to be credited, as it was by the jury. He stated that he was afterwards requested by Goggan to cut scattering shrubs all over the tract, and he did so; but that did not alter the fact that he swore that he carried out the terms of his contract as alleged in the petition.

[1, 2] The facts show that the New Fenfield Townsite Company owned the land, and that Thomas Goggan was its president. The contract was made by Goggan for the company, and it did not matter that the principal was not disclosed at the time the contract was made. Appellee was authorized to sue appellant for a breach of the contract, although the contract was made with the agent in entire ignorance of the principal. Mechem on Agency, §§ 1731–1733. The agent was probably liable also, but the fact that the court found that he was not liable could not cancel or impair the liability of the principal. Immunity granted the agent erroneously did not affect the liability of the principal. There was no denial of the agency of the president of the company. The first assignment of error is overruled.

[3, 4] The second, third, sixth, seventh and eighth assignments of error are overruled. It was not alleged that there had been a fraudulent attempt to give the county court jurisdiction over the suit by the allegations of the petition and a finding of the jury that the cotton destroyed was of the value of $1,500 did not deprive the court of the authority to render judgment for the amount claimed in the petition. Appellant has no right to complain that the court required a remittitur of $400 from the sum of $900 claimed and rendered a judgment for $500 in favor of appellee. The remittitur was in favor of appellant, and appellee alone has the right to complain.

[5] The fourth, fifth, ninth, and tenth assignments of error are overruled. The evidence was sufficient to support the answers of the jury to the issues submitted to them. Appellee swore that there was a breach of the contract, and that was not denied; appellant claiming that the contract was not made. All the evidence showed a breach, if there was a contract, and the court could assume the breach as a fact.

The judgment is affirmed.