ST. LOUIS, B. & M. RY. CO. v. SUTHERLAND.    (No. 6122.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 8, 1919.)

1. CARRIERS ☜228(1)—LIVE STOCK—LOSS OR INJURY—CARRIER'S LIABILITY.

When animals are delivered to a carrier in sound condition, and the shipper does not accompany them, and they arrive at destination dead or in an injured condition, the burden rests on the carrier to show that it is not liable.

2. COSTS ☜231(3)—APPEAL FROM JUSTICE TO COUNTY COURT — RECOVERY OF LESS AMOUNT.

Where plaintiff recovered judgment in the justice's court, and upon appeal to the county court again recovered judgment, but for a lesser sum, the costs in the county court should be assessed against the plaintiff.

Appeal from Jim Wells County Court; L. Broeter, Judge.

Suit by J. W. Sutherland against the St. Louis, Brownsville & Mexico Railway Company and another. Judgment for plaintiff. Upon appeal to the county court judgment was again rendered for plaintiff in a lesser amount, and the named defendant appeals.

---

Judgment of the county court amended and affirmed.

Robert W. Stayton and John C. North, both of Corpus Christi, for appellant.

W. R. Perkins, of Alice, and C. C. Forry, of McAllen, for appellee.

FLY, C. J. This is a suit for damages to certain cattle shipped over appellant's and another line by appellee from Bay City, Tex., to San Diego, Tex.; the grounds of negligence being delay and rough handling. The cause was submitted to a jury on special issues, and upon the answers thereto judgment was rendered in favor of appellee for $161.70. The suit originated in the justice's court, where appellee obtained a judgment for $185.

Appellee testified that some of the cattle were fat and none of them were "thin." He testified that he loaded the cattle so as to place the small cattle in cars by themselves, and the large cattle in other cars. W. D. Doughty, a witness for appellant, stated he was agent of the connecting carrier, and that, when the cars of cattle were delivered to his principal by appellant, two were dead and three were down and in such condition that they could not get up. Appellee did not accompany the cattle. It is true that witnesses for appellant swore that there was no rough handling or unreasonable delay, but the jury did not believe that testimony, because they found not only that the cattle were in good condition when delivered to appellant, but that appellant was guilty of negligence in handling the cattle, and that such negligence caused the damages sustained by appellee, in the sum of $150.

[1] The rule is settled that, when live stock are delivered to a carrier in sound condition, and the shipper does not accompany them, and they arrive at destination dead or in an injured condition, the burden rests on the carrier to show that it is not liable. Railway v. Brosius, 47 Tex. Civ. App. 647, 105 S. W. 1131; Railway v. Powers, 54 Tex. Civ. App. 168, 117 S. W. 459; Railway v. Drahn, 157 S. W. 282; Railway v. King, 174 S. W. 960; Railway v. Cave, 174 S. W. 872; Railway v. Bryson, 195 S. W. 1165. If the jury discredited the testimony of appellant's witnesses, the presumption in favor of the negligence of appellant was not removed.

If appellant was guilty of negligence, which the law, under the facts, presumes, there was testimony to sustain a verdict for $150.

[2] Appellee recovered a judgment for less in the county court than in the justice's court, and the costs should have been assessed against him in the county court. It is recited in the judgment that the judgment was for less in the county court than in the justice's court, and yet, without endeavoring to state any "good cause" for so adjudging the costs, appellant had half of the costs assessed against it; the other half being assessed against its codefendant, the Texas, Mexican Railway Company. The latter did not appeal, and the judgment against it will not be disturbed.

The judgment of the county court will be so amended as to assess the costs of that court, incurred by appellant, against appellee, and as amended will be affirmed. The costs of this appeal will be assessed against appellee.