## MOON AUTOMOBILE CO. v. AVERY.
### (No. 2226.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 12, 1920.)

ABATEMENT AND REVIVAL ⊙⇒3—COURTS ⊙⇒ 170—THAT MORTGAGED AUTOMOBILE WAS OF VALUE EXCEEDING COUNTY COURT'S JURISDICTION IS DETERMINED BY PLEADINGS AND CAN BE RAISED ONLY BY PLEA IN ABATEMENT.

The question whether the county court has jurisdiction of a civil action must be determined by the pleadings, and where defendant in action to foreclose a mortgage on an automobile desired to challenge jurisdiction of the county court on ground that automobile was of a value exceeding $1,000, he must do so by plea in abatement, charging that the value of the mortgaged property had been falsely and fraudulently represented to be less than it really was, in order to confer jurisdiction on the county court; and where no such plea was offered, the case cannot be dismissed on evidence that the automobile was of a value exceeding $1,000.

Appeal from Titus County Court; J. W. Tabb, Judge.

Action by the Moon Automobile Company against A. R. Avery. From a judgment dismissing the case for want of jurisdiction plaintiff appeals. Reversed and remanded.

Allen Reed, of Mt. Pleasant, for appellant.
T. C. Hutchings, of Mt. Pleasant, for appellee.

HODGES, J. The appellant sued the appellee to recover the sum of $750 as the balance due on a promissory note and to foreclose a mortgage on an automobile and three bales of cotton. In its petition the appellant alleged that the value of the mortgaged property was, in the aggregate, $900. The defendant pleaded general and special defenses, but failed to plead in abatement that the subject-matter of the suit was beyond the jurisdiction of the county court, or that the value of the mortgaged property had been falsely and fraudulently represented to be less than it really was. During the trial, and over the appellant's objection, the defendant offered evidence for the purpose of showing that the property covered by the mortgage exceeded in value the sum of $1,000. He thereafter moved the court to dismiss the case for want of jurisdiction based upon that testimony. That motion was sustained and the cause was dismissed.

This was error. The jurisdiction of the county court in such cases must be determined by the pleadings. If the pleadings of the plaintiff state a case which is within the jurisdiction of that court, and the defendant wishes to raise the question of jurisdiction when that must be determined by the value of the property, he must do so by a plea in abatement, charging that the value has been falsely and fraudulently alleged to be different from what it actually is, in order to confer jurisdiction upon the court. That question has been previously decided by this and other courts, and it is necessary only to refer to the cases so holding. Cisco Oil Mill Co. v. Van Geem, 166 S. W. 439; Brown v. Green, 204 S. W. 357; New Fenfield Town Site Co. v. King, 204 S. W. 788. Many other cases might be cited which are to the same effect, but these, we think, are sufficient.

The judgment of the county court will therefore be reversed, and the cause remanded.