## FIKE v. ALLEN. (No. 153.)

(Court of Civil Appeals of Texas. Waco. Feb. 5, 1925.)

1. Justices of the peace ⬦➡90, 183(1)—Oral pleadings presumed sufficient to support judgment in absence of contrary showing.

Pleadings in justice court may be oral, and are presumed sufficient to support judgment rendered, when nothing is shown to contrary.

2. Appeal and error ⬦➡242(3)—Exceptions and demurrers, not shown to have been disposed of, not reviewed.

Exceptions and demurrers, not shown to have been called to attention of trial court and disposed of, cannot be reviewed.

3. Costs ⬦➡231(3)—Taxed against plaintiff recovering less in county court than in justice court.

Under Rev. St. art. 2046, costs of county court must be taxed against plaintiff recovering

⬦➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

less therein than in justice court, unless court, under article 2048, for good cause stated in record, adjudges costs otherwise.

Appeal from Limestone County Court; H. L. Kirby, Judge.

Suit by E. A. Allen against H. L. Fike and another. From a judgment against the named defendant, on appeal from justice court, he appeals. Reformed as to costs, and otherwise affirmed.

L. W. Shepperd, of Groesbeck, for appellant.

Robt. M. Lyles, J. E. Bradley, and E. G. Lloyd, Jr., all of Groesbeck, for appellee.

BARCUS, J. Appellee filed this suit in the justice court against J. R. Richardson and appellant, H. L. Fike, and recovered judgment in said court against said parties jointly for $125, together with a foreclosure of a mortgage on two mules. The record does not show what pleadings were filed by any of the parties in the justice court. In the county court appellee filed a written petition, alleging the value of the mules, upon which he sought to foreclose the mortgage, was $191. Appellant filed oral pleadings and a written plea of limitation. In the county court appellee recovered judgment against appellant H. L. Fike for $85, without a foreclosure of the mortgage, and judgment was rendered for defendant J. R. Richardson. The trial court rendered judgment against appellant for all costs of both the county and justice courts.

[1] Appellant claims that the judgment is fundamentally erroneous, for the reason that the record does not show that the justice court had jurisdiction to originally try the case, because same does not show that appellee alleged in the justice court the value of the property on which he sought a foreclosure of his mortgage lien. Pleadings in the justice court may be oral, and are presumed, when nothing is shown to the contrary, to be sufficient to support the judgment as rendered in said court. Brown v. Green (Tex. Civ. App.) 204 S. W. 357; Robertson v. Balkam (Tex. Civ. App.) 192 S. W. 583.

[2] Appellant filed his motion for a new trial in the trial court, in which he complained of the trial court's action in overruling his general demurrer and special exceptions. The judgment of the trial court does not show that said exceptions and demurrers were called to the attention of the trial court, or that any action was taken thereon. Unless the judgment of the trial court shows that the exceptions and demurrers were disposed of and a judgment rendered thereon, the same cannot be reviewed by the appellate court. Hall v. Williams & Ellis, 267 S. W. 520, and C., R. I. & G. Ry. Co. v. Trinity Valley Produce Co., 269 S. W. 1109, recently decided by this court; St. L. & S. F. R. Co. v. Cartwright (Tex. Civ. App.) 151 S. W. 630; rule 53 for district courts.

[3] Appellant, in his motion for a new trial, complained of the trial court's action in taxing all of the costs against him, claiming that the costs of the county court should be taxed against appellee, since the judgment of the county court was for a less sum than that recovered in the justice court, and assigns error on the court's action in taxing costs of the county court against him. We sustain this assignment. Article 2046 of the Revised Statutes provides that, if the plaintiff, on appeal, recovers judgment for less than he did in the court below, the costs of the appellate court shall be taxed against the plaintiff. This statute is mandatory, and must be followed, unless the court, under the provisions of article 2048, and for good cause stated in the record adjudged the costs otherwise. There is nothing stated in the judgment in this cause showing why the costs should not have been taxed against appellee. When appellee failed to recover the amount in the county court which he recovered in the justice court, the costs of the county court should have been taxed against him. American Express Co. v. Adams (Tex. Civ. App.) 92 S. W. 1039; G., C. & S. F. Ry. Co. v. Sumrow (Tex. App.) 18 S. W. 135; St. L., B. & M. Ry. Co. v. Sutherland (Tex. Civ. App.) 207 S. W. 982.

The judgment of the trial court will be reformed, taxing the costs of the county court and costs of this court against appellee, and in all other respects the judgment of the trial court is affirmed.