## MARTIN v. SMITH.   (No. 3038.)

Court of Civil Appeals of Texas.   Amarillo. May 23, 1928.

1. **Appeal and error** &copy;&#8658;**501(2)—Where record failed to show that exceptions to plaintiff's petition were presented to court or acted on by him, assignments relating to overruling exceptions cannot be considered.**

Where record failed to show that defendant's exceptions to plaintiff's petition were ever presented to court or acted on by him, assignments challenging action of court in overruling such exceptions will not be considered.

2. **Appeal and error** &copy;&#8658;**1011(1)—Appellate court cannot disturb trial court's finding supported by evidence though conflicting.**

Where evidence, while sharply controverted on issue of ratification by purchaser of vendor's changing provisions of contracts restricting building of residences, was sufficient to warrant court's finding on issue against vendor, appellate court cannot disturb such finding.

Appeal from Potter County Court; Sam B. Motlow, Judge.

Action by L. J. Smith against N. F. Martin to cancel a contract for the purchase of a lot and recover part of purchase price paid. From a judgment for plaintiff, defendant appeals. Affirmed.

Birge & Nelson, of Amarillo, for appellant. Dorenfield & Lowey, of Amarillo, for appellee.

JACKSON, J.   The appellee, L. J. Smith, instituted this suit in the county court of Potter county, Tex., against the appellant, N. F. Martin, to cancel a contract for the purchase of lot 16 in block No. 29 of the Forrest Hill Terrace addition to the city of Amarillo and to recover the part of the purchase price that appellee had paid appellant thereon.

Appellee alleges that on or about September 13, 1926, he entered into a contract with appellant for the purchase of said lot, by the terms of which he was to pay $750 in installments, of which installments he had paid the sum of $223.88; that by the terms of said contract it was agreed that no residence would be permitted to be erected on blocks 23 to 30, inclusive, in said addition, to cost less than $3,500, and no residence would be permitted to be erected in blocks 7 to 14, inclusive, in said addition at a cost of less than $2,500; that the appellant represented to appellee that he would enforce all of said restrictions, and that said addition would be sold and

maintained as a high-class and restricted subdivision; that he believed and relied upon such representations and the written agreement between him and appellant in the execution of the contract to purchase said lot; that, after the execution of the contract and the making of the representations, the appellant arbitrarily and without the consent of the appellee executed other and new contracts for the sale and purchase of lots in blocks 23 to 30, inclusive, permitting the erection of residences therein at a cost of less than $3,500.00; that he permitted the erection of residences in blocks 7 to 14, inclusive, at a cost of less than $2,500; that appellants refused to enforce said restrictions; that since the 13th day of September, 1926, there had been and were still being erected residences in blocks 23 to 30, inclusive, at a cost of less than $3,500 and in blocks 7 to 14, inclusive, at a cost of less than $2,500; and that appellant has breached his contract thereby—wherefore appellee is entitled to a cancellation of said contract and a recovery of his damages in the sum of $223.88, together with interest, the amount he paid to appellant on the purchase price of said lot.

The appellant answered by general demurrer, special exceptions, general denial, and specially pleaded ratification by the appellee of appellant's action in changing the provisions of the contract restricting the building of residences in said addition, by assenting to and approving the change made in said contract, and by the payment by appellee to appellant of several installments upon the purchase price of lot 16 in block 29 of said addition.

The case was submitted to the court without the intervention of a jury, and judgment was rendered against appellant in favor of appellee for the amount sued for, and for the cancellation of the contract of the purchase and sale of said lot 16 in block 29, from which judgment this appeal is prosecuted.

[1] The appellant, by several assignments, challenges the action of the court in overruling his special exceptions to appellee's petition. The record in this case fails to show that such exceptions were ever presented to the court or acted upon by him; hence these assignments will not be considered.

"Appellant's first four assignments are directed to the supposed action of the court in overruling exceptions. The record does not disclose any ruling of the court on such demurrers, and there is nothing in the record to show that such demurrers were presented to the court; therefore it is presumed that they were waived." Fort Worth Mutual Benefit Association v. Jennings et al. (Tex. Civ. App.) 283 S. W. 910.

To the same effect are the following cases: Gardner v. Dorsey (Tex. Civ. App.) 272 S. W. 266; Fike v. Allen (Tex. Civ. App.) 269 S. W. 179; Phœnix Ins. Co. v. Boren et al., 83 Tex. 97, 18 S. W. 484; O. I. Headley et al. v. A. T. Obenchain, 33 Tex. 682.

[2] The appellant challenges as error by assignment the sufficiency of the testimony to warrant the judgment of the court, because the uncontroverted evidence shows that the appellee had ratified the contract by assenting to the changes made by appellant therein relative to the restrictions, and by the payment of some monthly installments on the purchase price after such changes had been made.

The testimony shows without contradiction, in fact, the appellant admits, that he breached the contract relative to the restrictions therein; that he refunded to several purchasers, under similar contracts, the purchase money they had paid, and to others he reduced the purchase price of lots and permitted them to purchase under contracts containing less difficult restrictions.

The testimony, while sharply controverted on the issue of ratification, was determined by the trial court against the appellant, and, as the evidence is sufficient to warrant the finding of the trial court on the issue against appellant, we are not authorized to disturb such finding.

The judgment is affirmed.