WESTERN UNION TELEGRAPH CO. v.
HARTFIELD et ux.†

(Court of Civil Appeals of Texas. San Antonio. May 17, 1911. Rehearing Denied June 7, 1911.)

1. APPEAL AND ERROR (§ 302*)—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—MOTION FOR NEW TRIAL—SUFFICIENCY OF STATEMENT OF GROUNDS.

Where a motion for new trial set up as grounds that the verdict was without evidence to support it, and that the pleadings and evidence do not correspond, etc., which statement of grounds, under the direct provisions of district court rules 67 and 68 (67 S. W. xxv), were insufficient to warrant consideration in the district court, those points cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1744–1752; Dec. Dig. § 302.*]

2. APPEAL AND ERROR (§ 281*)—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—MOTION FOR NEW TRIAL—NECESSITY.

Errors not brought to the attention of the trial court in a motion for new trial cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1650–1661; Dec. Dig. § 281.*]

Appeal from District Court, Harris County; W. P. Hamblen, Judge.

Action by Thos. Hartfield and wife against the Western Union Telegraph Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Hume & Hume, for appellant. Brockman, Kahn & Williams, for appellees.

JAMES, C. J. The action was for damages' alleged to have been sustained by Mrs. Hartfield as the result of delay in the delivery of a telegram filed for transmission at New Orleans, La., addressed to Mrs. Jessie Hartfield at Houston, Tex., dated October 2, 1909, reading as follows: "Bean died this morning at 4:40. [Signed] Joe." Bean was the uncle of the addressee, and it was his funeral she failed to attend as the result of the failure to deliver the telegram at Houston until the next morning about 10:10, although it reached Houston about 5 p. m. of the 2d, and

in time for her to have taken that evening's train, as she' would have done, and to have reached New Orleans the next morning in time to attend the funeral, which took place at 4 p. m. of that day. Plaintiff obtained a verdict for $1,950.

The first assignment of error is that the court refused to give a peremptory instruction for a verdict for defendant, as requested. The second assignment is as follows: "The court erred in its charge to the jury, as follows: 'You are charged that if you believe, from a preponderance of the evidence, that a telegram dated October 2, 1909, directed by one Joe to Mrs. Jessie Hartfield, 3401 Washington street, Houston, Tex., was not delivered in time, and that the same announced the death of the uncle of the said plaintiff, Jessie Hartfield, named Bean, and if you believe the company was negligent in delivery of the said message, and failed to deliver the same at the time when it was received, or in a reasonable time thereafter, considering all the circumstances, use ordinary diligence to, and if you believe the company failed to use ordinary diligence to, deliver the said telegram, according to its direction, as alleged in plaintiff's petition, and if you further believe, from the evidence, that the plaintiff could and would have visited the city of New Orleans, if she had received the said telegram in time, and if you further believe that she failed to go to said city of New Orleans because of the failure to receive the said telegram, and that she was deprived of being present at the funeral of the said Bean by reason of the nondelivery of the said message, and if you further believe, from the evidence, that the plaintiff in this suit was very near and dear unto the said person called Bean in the said telegram, and that he was her uncle, and that she had for him the affection of a child at the time of his death, and that she suffered grief and great mental pain and anguish by reason of not being present after his death, and at the time of his funeral, then you will find for the plaintiff such an amount as you may believe, from a preponderance of the evidence, will compensate her for the grief and mental pain and anguish that she suffered by reason of such deprivation.'"

[1] The above are the assignments upon which the appeal is founded. The first must be overruled. The propositions under it are "that damages for the failure of plaintiff's wife to be present at the funeral of her uncle were not recoverable, in the absence of allegation and proof of notice to defendant of damages for mental anguish," and "that no damages are recoverable for mental anguish arising from failure to attend the funeral of an uncle, in the absence of allegation and proof of notice of mental anguish or probable consequence of the failure to be present at the funeral." The sufficiency of the allegations appears not to be questioned, but

the point made is that there was a lack of proof of notice. The point was not made in the motion for new trial. The motion stated such grounds as these: "The verdict is without evidence to support it." "The judgment is contrary to law in this: The pleadings and the evidence do not correspond." "The verdict is not responsive to the pleadings and the evidence." Grounds of objection stated in such terms point out nothing and rule 68 for the government of districts courts (67 S. W. xxv) prohibits their consideration. See, also, rule 67. This is sufficient to preclude consideration of the point in this court. In Ellis v. Brooks, 101 Tex. 597, 102 S. W. 96, 103 S. W. 1196, the Supreme Court states: "The plaintiff in error, however, says in reply to this assignment that the motion for new trial in the district court was insufficient to raise the question now made, and thus presents a question of law which we can decide, and we think the point was not raised by the motion, and cannot now be considered." In Railway v. Owens, 124 S. W. 212, this court held the same could not be done indirectly under an assignment complaining of the refusal of a peremptory instruction. And we think it follows that such question cannot be raised in said circumstances, under an assignment which complains of a paragraph of a charge submitting the issues.

[2] There may have been a failure in the proof concerning notice of the special circumstances necessary to give the niece a right to recover for mental distress, in accordance with the decision in Telegraph Co. v. Wilson, 97 Tex. 22, 75 S. W. 482, yet such question cannot be considered here, however presented, not having been called to the judge's attention in the motion for new trial.

The judgment is affirmed.