WESTERN UNION TELEGRAPH CO. v. GOLDEN et ux. (No. 1303.)

(Court of Civil Appeals of Texas. Amarillo. March 13, 1918.)

1. APPEAL AND ERROR ⟨⟩743(1) — ASSIGNMENTS OF ERROR—FORM.

An assignment of error containing no reference to the record, showing that the assignment

was part of the motion for new trial in the court below, will not be considered.

2. APPEAL AND ERROR ⬅═725(2), 737 — ASSIGNMENTS OF ERROR—FORM.

An assignment which presents error in overruling defendant's demurrer, both general and special, to the petition, is multifarious, uncertain, and too general to entitle it to consideration.

3. APPEAL AND ERROR ⬅═759 — RECORD ON APPEAL—ASSIGNMENTS.

Under court rule 29 (142 S. W. xii), providing that assignments of error as presented in the brief shall be numbered from the first to the last, in their consecutive order, and unless they are so numbered the court of Civil Appeals need not consider them, the court will not consider any assignment subsequent to the first where 3 is the next number after 1.

4. TELEGRAPHS AND TELEPHONES ⬅═65(1)—ACTION FOR DAMAGES—PLEADING.

In an action against a telegraph company for failure to promptly deliver a death message, a petition alleging the language of the message, that plaintiff's wife was the daughter of the deceased, referred to in the message, that, if she had received it promptly, she would have been enabled to have attended the funeral, that defendant's servants knew or could have known plaintiff's place of residence, and that by reason of defendant's negligence plaintiff was caused great pain and suffering, was good as against a general demurrer.

5. APPEAL AND ERROR ⬅═719(4) — QUESTION FOR REVIEW—SPECIAL EXCEPTIONS.

While the suggestion that a pleading is not good as against a general demurrer raises a question of fundamental error, the rule does not apply to objections raised by special exception.

6. APPEAL AND ERROR ⬅═742(3) — ASSIGNMENTS OF ERROR—SUFFICIENCY.

A proposition under an assignment of error in an appeal by a telegraph company from a judgment against it for failure to deliver a death message, based upon the sufficiency of the petition, to the effect that in an action of this character the petition should formally disclose that defendant had sufficient notice of the peculiar circumstances affecting the damages from which both parties would reasonably have in contemplation the injury which would ordinarily follow from a breach of the contract, is bad as being too general.

7. APPEAL AND ERROR ⬅═743(1) — ASSIGNMENTS OF ERROR—SUFFICIENCY.

A proposition under an assignment of error which is not a copy of any ground set out in the motion for new trial, and does not show by the record where it may be found, nor that any exception was taken to the ruling thereon, will not be considered.

8. APPEAL AND ERROR ⬅═991—ASSIGNMENTS OF ERROR—SUFFICIENCY.

On a telegraph company's appeal from a judgment against it for failure to deliver a death message, an assignment of error which insists that the verdict is contrary to law and evidence, because it did not appear that addressee's wife would have been able to catch a train to bring her to funeral, merely raises a question of fact and presents no error.

9. APPEAL AND ERROR ⬅═301—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error raising an issue not raised in a motion for a new trial will not be considered.

Appeal from District Court, Hunt County; Wm. Pierson, Judge.

Action by C. N. Golden and wife against the Western Union Telegraph Company.

Judgment for plaintiffs, and defendant appeals. Affirmed.

Flippen, Gresham & Freeman, of Dallas, and Neyland & Neyland, of Greenville, for appellant. Evans & Shields, of Greenville, for appellees.

HALL, J. C. N. Golden and wife sued appellant telegraph company to recover damages for failure to promptly deliver a telegram sent by Neal Townsend from Tenaha, Tex., to C. N. Golden at Greenville, Tex. The message was delivered to appellant's agent at Tenaha September 9, 1916, at 9:50 o'clock p. m., and was not delivered to plaintiffs, it is alleged, until September 11th at 4 o'clock p. m. The language of the message is: "Mother died at 7 p. m." It is further alleged that Mrs. Alice Golden, the wife of C. N. Golden, was the daughter of the woman designated as "mother" in the message. It is alleged that if Mrs. Golden had received the telegram promptly on the night of September 9th, she would have left Greenville on a train within a few minutes after its receipt, and would have arrived at Tenaha in time for the funeral of her mother, which took place in the afternoon of September 10th. It was further alleged that Neal Townsend was the brother of Mrs. Alice Golden, and that the defendant, its agents and servants, knew all of these facts, or could have known them by the exercise of ordinary care and diligence. It is further alleged that the plaintiffs have resided in Greenville for more than ten years; that C. N. Golden was, during the month of September, and for a long time prior thereto, engaged in business on the most prominent street in the city of Greenville; that their residence was at such time on a prominent residence street in the western part of town, and that they are and have at all times theretofore been well known to a great number of persons residing in Greenville; that the agents and servants of defendant, by the exercise of the slightest degree of care, could have found Golden and delivered the telegram to him within 30 minutes after the same was delivered to defendant's agent at Tenaha; that, if said telegram had been delivered to C. N. Golden with reasonable dispatch, and in accordance with defendant's contract and duty, Mrs. Golden would have left immediately for Tenaha; that she would have wired a reply to her brother that she was going to take the first train out of Greenville, and that the burial of her mother would have been postponed until her arrival at Tenaha; that when no telegram was received by her brother, Neal Townsend, and she did not arrive on the train of the following day, her mother was buried on the afternoon of September 10th. By reason of such negligence and carelessness plaintiff Mrs. Alice Golden was prevented from attending the funeral of her mother, and was caused to suffer great

physical and mental pain, distress, etc. A trial resulted in a verdict and judgment in appellee's favor in the sum of $500.

[1] The first assignment of error is that the court erred in overruling all of the defendant's demurrers, both general and special, to which the defendant at the time excepted, for that the allegations of the plaintiff's petition did not show that the addressee and plaintiff had a wife, and, if so, that she was expected to act on the information contained in the message sued on; the plaintiff suing for the benefit of his wife. Appellee objects to the consideration of this assignment, and, except in so far as it raises the issue of the sufficiency of the petition as against a general demurrer, the objections are sustained. There is no reference in the assignment to the record showing that the assignment urged here was a part of the motion for new trial in the court below. Under the well-established practice this is a fatal defect. We have, however, referred to the amended motion for new trial, and find that the assignment presented in the brief is not a literal copy of the first ground for new trial contained in the motion. By reason of the fact that the addition or elimination of one word may change the entire sense and purport of an assignment, as presented in the trial court, the rule requiring that the assignments, as set out in the motion, must be literally copied into the briefs, and be the assignments urged here, has been adopted, and the time of the appellate court should not be consumed in comparing and determining whether or not a slight change in the verbiage of assignments has in any way modified the assignment as presented to the trial judge. The appellant has no right, under the rules, to insist upon one matter in the trial court and to urge altogether a different proposition here; nor should we be required to refer to the transcript in order to compare the assignments shown there with those presented in the briefs. There being no references to the record, we are not able to determine from a consideration of the assignments whether or not any exception was reserved to the ruling of the trial judge upon the demurrers.

[2] The general rule is that an assignment which presents error in overruling defendant's demurrers, both general and special, is multifarious, uncertain, and too general to entitle it to consideration. Salliway v. Grand Lodge, A. O. U. W., 164 S. W. 1041; Coons v. Lain, 168 S. W. 981; Watson v. Patrick, 174 S. W. 632; Dallam County v. S. H. Supply Co., 176 S. W. 798; Texas Mid. R. R. v. Cummins, 156 S. W. 542; Court of Civil Appeals rules 24, 25, 31 (142 S. W. xii, xiii).

[3] The next assignment, as contained in the brief, is numbered 3; there being no second assignment presented. Rule 29, governing Courts of Civil Appeals (142 S. W. xii) provides that the assignments as presented in the brief shall be numbered from the first to the last, in their consecutive order, and, unless they are so numbered, this court is not required to consider them. Petty v. City of San Antonio, 181 S. W. 224.

[4, 5] In so far as the first assignment challenges the sufficiency of the petition as against a general demurrer, it has been considered, and a careful reading of the petition shows that it is sufficient. While the suggestion that a pleading is not good as against a general demurrer raises a question of fundamental error, the rule does not apply to objections raised by special exception. The petition alleges that Mrs. Alice Golden was the wife of the addressee of the telegram.

[6, 7] Under this assignment there are two propositions. The first is that the petition in an action of this character should formally disclose that the defendant had sufficient notice of the peculiar circumstances affecting the measure of damages from which both parties would reasonably have in contemplation the injury which would ordinarily follow from a breach of the contract. This proposition is so general that it does not comply with the rules, and if it presents any question for review, it is that the petition is bad on general demurrer. The contention made by the second proposition under this assignment is that the plaintiff should have alleged the route Mrs. Golden would have taken and the railroad connection she would have made to reach Tenaha, the place where her mother was to have been buried, in order to give defendant notice, and that the court erred in sustaining special exception No. 6, urged to the petition by reason of this defect. If this proposition was intended as the second assignment instead of the second proposition under the first assignment, it cannot be considered, because it is not a copy of any ground set out in the motion for new trial, and does not, by reference to the record, show where it may be found, nor is it shown that any exception was taken to the ruling of the court upon exception No. 6.

[8] Under the third assignment it is insisted that, even though the telegram had been delivered immediately, the addressee's wife would have had less then 40 minutes within which to catch the train leaving for Tenaha, and therefore the verdict is contrary to the law and evidence. Mrs. Golden testified that she could and would have caught the train if the telegram had been received no later then 20 minutes before the train left Greenville. This assignment raises a question of fact only, and, if it were otherwise entitled to consideration, presents no error.

[9] The fourth assignment raises the issue of contributory negligence. It is subject to the same objections as the first and third assignments and to the additional objection that no such issue was raised in the motion for new trial. As heretofore stated, the peti-

tion is good as against a general demurrer, and, there being no reversible error presented in the brief, the judgment is affirmed.