WORDEN v. KROEGER.    (No. 106–2948.)

(Commission of Appeals of Texas, Section A. March 31, 1920.)

1. TRIAL ⟐═⟩349(4)—SPECIAL CHARGE CALLING FOR GENERAL VERDICT IMPROPER.

Where a case is submitted on special issues, it is improper to submit a special charge calling for a general verdict.

2. MASTER AND SERVANT ⟐═⟩288(5) — SERVANT'S APPRECIATION OF DANGER OF OPERATING SAW HELD FOR JURY.

Whether servant appreciated the extent of the danger of operating a circular saw on a defective table top, and assumed the risk, held for the jury.

3. TRIAL ⟐═⟩232(2)—INSTRUCTION AS TO ASSUMED RISK MISLEADING IN VIEW OF SPECIAL ISSUES.

In an action for injuries to servant where there was no question submitted by the court requiring a definition of assumed risk or a charge on that subject, part of a special charge, directing the jury that if they believed plaintiff assumed the risk by sawing without the guide they should return a verdict for the defendant on the "issues submitted in reference thereto," was misleading and erroneous.

4. MASTER AND SERVANT ⟐═⟩276(3)—EVIDENCE HELD SUFFICIENT TO SHOW DEFECT CONTRIBUTED TO INJURY BY SAWING MACHINE.

In an action by a servant for damages for injuries caused by a sawing machine, evidence held sufficient to show that a rough table top on which the machine was being operated caused, or contributed to cause, the injury.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by Frank Lull Worden against Otto P. Kroeger. From a judgment of the Court of Civil Appeals (184 S. W. 583) affirming a judgment in favor of defendant, plaintiff brings error. Reversed and remanded.

Jones, Jones & Hardie, of El Paso, for plaintiff in error.

John L. Dyer and Allen R. Grambling, both of El Paso, for defendant in error.

TAYLOR, J. Frank Worden, plaintiff in error, sued Otto Kroeger, defendant in error, for damages, actual and exemplary, resulting from the loss of his thumb and four fingers of his right hand. The Court, upon findings made by the jury in response to special issues, rendered judgment in favor of defendant in error, which was affirmed by the Court of Civil Appeals. 184 S. W. 583.

Worden when injured was working for Kroeger, who at the time had under construction as contractor a building in El Paso. There was in use in connection with the construction work a circular saw, which was placed upon a table, and there run by a machine. The machine could be operated with or without what was known as a cut-off guide, which, when used by the operator, greatly lessened the probability of his coming in contact with the saw. The need of the protection it afforded varied somewhat in proportion to the operator's experience as a sawyer, the least experienced needing it most. The safety with which the machine could be run depended also to a degree upon the condition of the table top over which the timber passed when being pushed by the operator toward the saw; the rougher and more uneven the top, the greater the probability of his hand being thrown into the saw.

Worden was employed by Kroeger as a helper or handy man, and for a short time before his injury had been operating the saw

whenever directed by Mr. Wilson, the foreman, to do so. The only testimony as to how the accident causing the injury complained of occurred was given by plaintiff, and is as follows:

"I was working on the roof of the building the day I was hurt, helping to move the terra cotta from the seventh floor to the roof, and Mr. Wilson sent a man up from the ground floor to tell me to come down and cut some wedges. I went down and went out to the scrap pile, got some stuff, about 2x6 stuff of different lengths, took it into the rear of the saw, took the nails out of it, and then, if I remember right, after I had the nails all out of it, I went and got a square and marked the piece across the square, that is so I would get the six-inch lengths, and then started my machine, pulled the switch, and I had sawed about 20 blocks 6 inches long, shoving through this way; the last block that I sawed, shoving through this way, something caught the block, but turned it into the saw and drove my hand in here."

The petition alleged defendant was negligent in the following particulars: (1) Placing plaintiff at work operating the circular saw, notwithstanding his inexperience; (2) failing to instruct him as to the manner of operating the saw and warn him of the dangers and risks incident thereto; (3) failing to furnish him a cut-off guide for his protection while operating the saw; and (4) placing him at work at a saw having a rough and defective table top.

Defendant denied the allegations of negligence. He affirmatively alleged that plaintiff was guilty of contributory negligence, in (1) using the saw without a cut-off guide, and (2) in using the saw with a defective table top; also, that plaintiff assumed the risks incident to operating the saw without the guide, and with the defective table top.

The court in its general charge, after summarizing the pleadings of the parties in such manner as to place before the jury the general issues, defined "negligence," "proximate cause," "ordinary care," and "contributory negligence." Following these definitions, the court submitted a number of questions inquiring, among other things, whether defendant furnished plaintiff a rough table top for the saw and failed to furnish him a cut-off guide, and whether negligent in these two respects; also, as to plaintiff's knowledge of the dangers following a failure of duty, if any, in either of these respects. Questions were propounded also with a view to ascertaining the proximate cause of the injury and whether plaintiff was guilty of contributory negligence, either in operating the machine without a guide, or in using a rough table top.

The jury found that defendant's foreman directed plaintiff to operate the saw on the occasion of his injury, and that plaintiff told the foreman he did not understand its operation; that defendant furnished a cut-off guide, which was available to plaintiff, and that the operation of the saw without the guide was the proximate cause, or one of the proximate causes, of plaintiff's injury; that plaintiff knew, or should have known, of the dangers incident to so operating the saw, and was guilty of contributory negligence in thus operating it; that the table top was rough, which plaintiff knew, but that he was not guilty of contributory negligence in using it in such condition; that the rough table top was not the proximate cause of the injury, and defendant was not guilty of negligence in furnishing plaintiff such a table top; that plaintiff did not know, and by the exercise of ordinary care would not have known, of the danger incident to operating the saw with the table top in the condition it was in at the time he was injured.

The court, by special charge given at the request of defendant, instructed the jury that if plaintiff had the capacity and opportunity to know and appreciate the danger in operating the machine without a cut-off guide, and remained in the service of the defendant and continued to so operate it, and was injured by reason thereof, plaintiff as a matter of law assumed the risk. The special charge further instructed the jury that plaintiff would not be entitled to recover if he thus assumed the risk (in failing to use the guide), and that so believing they should return a verdict for the defendant on the issues submitted in reference thereto.

[1] The Court of Civil Appeals held, and correctly, that it was improper for the court to submit to the jury a special charge calling for a general verdict, but further held that the error was harmless because plaintiff admitted "he knew of the defects in the table and the machine he was operating, and realized the dangers attendant upon its operation in the condition it was; therefore assumed the risk." In the latter holding we cannot concur.

Plaintiff in error stated on cross-examination that he knew it was dangerous to operate the machine without a cut-off guide, that he knew the table top was rough, and operated the saw with knowledge of that fact. He did not state, however, nor does it appear as an uncontroverted fact, that he knew or appreciated the possible danger that might arise from the use of the defective table top. The following is a part of his testimony:

"I didn't appreciate the dangers that would arise as has been detailed here by these witnesses from operating that saw with your hands exposed. * * * I was not a practical sawyer and did not understand the business thoroughly. I knew the top of the table was rough. I saw it did not have a guide on it. . I didn't realize the danger of running the saw under these conditions. * * * I did not appreciate the dangers which might arise from using a rough table top."

Other witnesses who knew Worden testified that he was not an experienced sawyer,

and that he could not possibly have known and appreciated the dangers that would arise from the use of a rough table top and the failure to use a' cut-off guide.

[2] Whether plaintiff knew and appreciated the dangers incident to operating the machine on a defective table top, and whether he appreciated the extent of the danger in operating it without a cut-off guide, are questions upon which the testimony is conflicting. Under such a state of facts it cannot be correctly held that plaintiff assumed the risk as a matter of law. Orange Lumber Co. v. Ellis, 105 Tex. 363, 150 S. W. 582; Id., 207 S. W. 990.

[3] The effect of giving the special charge could hardly have been other than to mislead the jury. There was no question submitted by the court requiring a definition of assumed risk or a charge on that subject; and it is probable that the part of the special charge directing the jury that, if they believed plaintiff assumed the risk by sawing without the guide, they should return a verdict for the defendant on the "issues submitted in reference thereto," tended to confusion in answering the questions on the closely related issue of his contributory negligence in failing to use the guide.

[4] We cannot concur in the view of the Court of Civil Appeals that there was no evidence tending to show that the rough table top caused, or contributed to cause, plaintiff's injury; but, regardless of whether there was such evidence, the error in giving the special charge cannot be ignored.

We are of opinion that the judgments of the district court and Court of Civil Appeals should be reversed, and the cause remanded.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the questions discussed.