in the enactment of laws, has great weight, and gives rise to a strong presumption that the construction rightly interprets the meaning of the provisions. State v McAlister, 88 Tex. 284, 286, 31 S. W 187, 28 L. R. A. 523; Fort Worth v. Davis, 57 Tex. 225, 233; Cooley's Const. Lim. (7th Ed ) p. 102. See, also, Michie's Texas Digest, vol. 4, p. 398. This rule has been declared by this court to be peculiarly applicable to the creation and regulation of municipal corporations. State v. McAlister, supra.

In 1921 by chapter 9 of the Acts of the thirty-seventh Legislature, the Legislature amended the previous statute relating to this subject by declaring that cities and towns of this state having a population of 5,000 or less should have power to levy, assess, and collect "such taxes as such city council or governing body may determine, not to exceed for any one year one and one-half per cent of the taxable property of such city or town." for current expenses, public buildings, waterworks, sewers, and other permanent improvements, including roads, bridges, and streets. Vernon's Texas Statutes, 1922 Supplement, art. 925. This act was held valid by the Court of Civil Appeals. City of Henderson v. Fields, 258 S. W 523.

The amended statute is clearly a legislative determination that the general terms of section 4 of article 11 are not limited by section 9 of article 8.

[4] With that construction we agree. Bass v. City of Clifton, 261 S. W. 795. The opinion of the Court of Civil Appeals, in so far as it held to the contrary, is erroneous. However, the Court of Civil Appeals reversed the case, and reinstated the temporary injunction for other reasons, which are sound.

The judgment of the Court of Civil Appeals must therefore be affirmed, and it is accordingly so ordered.

---

**CONNELLEE et al. v. NEES.**
**(No. 594–4067.)**

(Commission of Appeals of Texas, Section A.
Nov. 26, 1924.)

1. **Trial ⬅═350(3) — Issues of partnership made by pleadings should be submitted to jury.**

Where defendants join issue, denying partnership, such issue, being one of fact for the jury, should have been submitted under Vernon's Sayles' Ann. Civ. St. 1914, art. 1985, requiring court, when submitting a case to the jury on special issues, to submit all the issues made by the pleadings.

2. **Trial ⬅═219—In submitting special issue as to partnership, court should define "partnership."**

Where issue as to partnership is submitted to jury, the term "partnership" should be defined under Vernon's Sayles' Ann. Civ. St. 1914,

art. 1984a, providing "in submitting special issues the court shall explain and define legal terms."

3. **Trial ⬅═350(3)—Special issue of "joint enterprise" improperly given, under issue of "partnership" made by pleadings.**

Special issues directed to jury to find whether defendants were engaged in joint enterprise, when pleadings raised issue of partnership, should not have been given, since "joint enterprise" and "partnership" are not synonymous.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Partnership.]

4. **Trial ⬅═232(2)—Charge instructing jury as to law arising on the fact is error, when case is submitted on special issues of fact.**

Charge that it was unnecessary for defendants to make any money from drilling oil and gas well, where plaintiff was injured, or that they received any compensation from such undertaking, but if jury found a joint undertaking then plaintiff was entitled to damages, *held* improper in case submitted to jury on special issues of fact.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by G. L. Nees against T. W. Connellee and others. From a judgment of Court of Civil Appeals (254 S. W. 625) affirming judgment for plaintiff, defendants bring error. Reversed and remanded.

Bonner, Bonner & Sanford, of Wichita Falls, for plaintiffs in error.

W. B. Chauncey and T. B. Greenwood, both of Wichita Falls, for defendant in error.

BISHOP, J. Defendant in error, G. L. Nees, filed suit against Massie Drilling Company, T. W. Connellee, Miss L. D. Connellee, Joe M. Collins, H. T. Pangburn, and T. O. Massey, for personal injuries received by him while working on a derrick and engaged in drilling and oil and gas well. In his petition he alleged that the defendant Massie Drilling Company is a joint-stock association and also a partnership, operating under said name; that each of the other defendants are members of said partnership and sole owners of Massie Drilling Company; that on or about the 19th day of August, 1920, defendants were operating a drilling rig, drilling for oil and gas; that he was in their employ and while working at said rig was injured as a proximate result of their negligence, and that of their agents and employees.

By supplemental petition he made the following allegations:

"Now comes the plaintiff and with leave of the court first had files this his supplemental petition and further pleads in this cause as follows:

---

"Plaintiff says that the defendant Massie Drilling Company, which is a joint-stock association and a partnership, has no assets belonging to it, and that same is absolutely insolvent and is unable to respond to plaintiff in damages, and that plaintiff will have to look to the individual members and partners for the settlement of damages which he has sustained."

Plaintiffs in error T. W. Connellee and H. T. Pangburn answered by general denial and under oath denied partnership and alleged that they were not partners in any undertaking as alleged by defendant in error, and that they were not liable as such partners.

Before trial in the district court, Collins died, and his executors were made parties defendant.

The case was tried before a jury on special issues submitted by the court as follows:

(1) "Were the defendants, their agents, servants, or employees, negligent in the manner in which they operated said machinery, and the manner in which they discarded said joint of casing at the time of plaintiff's injury?"

(2) "If you have answered the foregoing special issue, 'Yes,' then state whether such negligence was the proximate cause of the injury of the plaintiff."

(3) "Find from the evidence before you whether the defendants Pangburn, Massey, Collins, and T. W. Connellee engaged in a joint enterprise known as the Massie Drilling Company prior to August 19, 1920. Answer as you find the facts to be."

(4) "If you have answered the foregoing issue, 'Yes,' then state whether they were so engaged on August 19, 1920, at the time of the injury of plaintiff."

Issue No. 5 directed a finding of the amount to be awarded for the injuries sustained.

The court directed a verdict in favor of Miss L. D. Connellee, and on the verdict of the jury judgment was rendered in favor of defendant in error against all other defendants for the sum of $10,000. Plaintiffs in error perfected their appeal to the Court of Civil Appeals, and the judgment of the trial court was there affirmed. 254 S. W. 625.

[1, 2] There is nothing in the evidence to indicate that defendant in error was injured as a result of any personal negligence on the part of either of the plaintiffs in error, and, if under the pleadings they were personally liable, it was for the reason that they were partners in the undertaking of drilling the oil and gas well where the injury occurred. Under no other theory could they be held personally liable. They joined issue with defendant in error by denying that they were partners in the undertaking, and under the evidence the issue as to whether they were partners as alleged was one of fact to be determined by the jury. The plaintiffs in error were entitled to have the court define to the jury the meaning of the term "partnership" and submit this issue. They

requested that such definition and submission be given, and this request was refused.

Article 1984a, Vernon's Sayles' Statutes, provides that—

"In submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues."

Article 1985 provides that—

"It shall be the duty of the court, when it submits a case to the jury upon special issues, to submit all the issues made by the pleading."

The issue requested was one of fact "made by the pleading." The term "partnership" has a definite legal meaning. The provisions of the statute should have been complied with. The term should have been defined and the issue submitted. We are not authorized to speculate as to whether the plaintiffs in error were injured by the failure of the trial court to comply with the provisions of these articles.

[3] Plaintiffs in error objected to special issues Nos. 3 and 4 above quoted, by which the court directed the jury to find whether the plaintiffs in error were engaged in a joint enterprise known as the Massie Drilling Company prior to and on the date of the injury. The term "joint enterprise" cannot be said to have a definite legal meaning, as does the term "partnership." But even if it had such meaning, the court should not have substituted it for the term "partnership," as the terms are not synonymous. We think the court should not have given these two special issues, but should have defined partnership as requested and also should have submitted the issue as to whether the plaintiffs in error were partners in drilling the well where defendant in error was injured.

[4] The court, at the request of defendant in error, gave the following charge:

"You are charged by the court that it was not necessary for the defendants to make any money from this undertaking, or that they received any compensation from their undertaking; but, if from the evidence you find that they undertook a joint undertaking in the Massie Drilling Company, then the plaintiff, if you should find that he sustained any injury because of the negligent acts of the defendants, their agents or employees, would be entitled to recover."

It has been repeatedly held that it is error to give this character of charge in a case being submitted on special issues. A charge instructing "the jury as to the law arising on the facts" should not be given in a case submitted to the jury on special issues of fact. See A. J. Anderson & Co. v. Reich (Tex. Com. App.) 260 S. W. 162; Worden v. Kroeger (Tex. Com. App.) 219 S. W. 1094; T. & N. O. Railroad Co. v. Harrington (Tex. Com.

App.) 235 S. W. 188, and authorities there cited.

We recommend that judgment of both the district court and the Court of Civil Appeals be reversed, and the cause remanded to the district court.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.