## HALL v. WILLIAMS & ELLIS.    (No. 127.)

(Court of Civil Appeals of Texas.    Waco. Dec. 18, 1924.)

**1. Appeal and error ⟨key⟩713(3)—Rulings on demurrers cannot be presented for review by bill of exceptions.**

Rulings on demurrers are part of record and must be entered on minutes and copied in transcript, and cannot be perpetuated and presented for review on appeal by bill of exceptions, under rule 53 for district courts.

**2. Appeal and error ⟨key⟩301—Rule stated as to necessity of predicating assignments on motion for new trial.**

In jury cases, assignments not predicated on motion for new trial, as required by Rev. St. art. 1612, cannot be considered on appeal, unless they present fundamental error.

**3. Appeal and error ⟨key⟩301—Overruling exception to allegations in petition held not fundamental error, reviewable though not predicated on motion for new trial.**

Assignment of error in overruling special exception to allegations in petition presents no fundamental error, reviewable though not predicated on motion for new trial, in absence of contention that amended petition on which case was tried was subject to such exception.

**4. Appeal and error ⟨key⟩713(3)—Error presented by bill of exception only in overruling plea in abatement not considered.**

Assignment of error in overruling plea in abatement cannot be considered, where no order overruling plea appears in record, and matter is presented for review by bill of exception only.

**5. Abatement and revival ⟨key⟩81—Plea in abatement presented to court more than year after filing, and presenting issue which should be pleaded in bar, properly overruled.**

Plea in abatement, presented to court for action more than year after filing, and presenting issue which should be raised by plea in bar, is properly overruled.

**6. Evidence ⟨key⟩208(6), 263(4) — Abandoned pleadings competent evidence as admissions, but subject to explanation.**

Abandoned pleadings, stating facts pertinent to issue, are competent evidence as admissions of pleader, but are subject to explanation.

**7. Evidence ⟨key⟩265(8)—Mere failure to allege particular fact in abandoned pleading not evidence of nonexistence thereof.**

Mere failure to allege particular fact in abandoned pleading is not evidence of existence or nonexistence thereof.

**8. Witnesses ⟨key⟩406—Witness, not party to suit nor responsible for contents of abandoned petition cannot be discredited nor impeached by such contents.**

Broker's employee, who was not party to suit for commission nor responsible for contents of abandoned petition not setting out in detail terms of counter proposition, which he testified was made by purchaser and accepted by defendant, could be neither discredited nor impeached by such contents.

**9. Appeal and error ⟨key⟩739—Assignment of error in giving several special requested charges multifarious.**

Assignment of error in giving several special requested charges is multifarious, in violation of rules.

**10. Appeal and error ⟨key⟩230—Defendant filing no objections to charges when given waives right to complain.**

Defendant filing no objections to special requested charges when given waives right to complain, Rev. St. art. 1971.

**11. Trial ⟨key⟩215—Charges calling for general verdict in case submitted on special issues properly refused.**

When case is submitted on special issues, charges calling for general verdict are properly refused.

**12. Appeal and error ⟨key⟩766—Substantial compliance with Supreme Court rules for briefing cases necessary to insure consideration of assignments and propositions.**

While some indulgence should be shown, when failure to comply with Supreme Court rules for briefing cases results from oversight or misconception of their provisions, because of confusion growing out of change therein, substantial compliance therewith in preparing and presenting each assignment or proposition is necessary to insure consideration thereof and justify reversal.

Error from Dallas County Court; Frank G. Harmon, Judge.

Action by Williams & Ellis against Frank J. Hall. Judgment for plaintiffs, and defendant brings error. Affirmed.

R. H. Capers, of Dallas, for plaintiff in error.

Dabney, Goggans & Ritchie, of Dallas, for defendants in error.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

GALLAGHER, C. J. Defendants in error, Williams & Ellis, sued plaintiff in error, Frank J. Hall, to recover the sum of $350 which they claimed to be due them as commissions for services as brokers in effecting a sale of a certain piece of real estate. The parties will be designated as in the trial court. The case was submitted to a jury on special issues, in response to which, among other things, the jury found that plaintiffs were the procuring cause of the sale of the property, that defendant listed the same with them for sale, and that the reasonable and customary compensation for the services rendered by plaintiffs was $175. The court rendered judgment on the findings of the jury in favor of plaintiffs and against the defendant for said sum. The case is here for review on writ of error.

[1] Defendant's first assignment of error complains that the court overruled his special exception to certain allegations in plaintiffs' petition. We do not find in the record any order or judgment of the court disposing of said exception in any way. Defendant attempts to show such action by bill of exception. Rulings of the trial court on demurrers are part of the record and must be entered on the minutes and copied in the transcript. They cannot be perpetuated and presented for review on appeal by bill of exception. Rule 53 for district courts; St. Louis & S. F. R. Co. v. Cartwright (Tex. Civ. App.) 151 S. W. 630, 631, 632 (writ refused); Daniel v. Daniel (Tex. Civ. App.) 128 S. W. 469, 471 (writ refused); Bishop v. Mount (Tex. Civ. App.) 152 S. W. 442, 443; Ilseng v. Carter (Tex. Civ. App.) 158 S. W. 1163, 1164.

[2, 3] The case was tried before a jury. Our statute provides that when a motion for a new trial is filed, as in this case, the assignments therein shall constitute the assignments of error on appeal. R. S. art. 1612. This assignment is not contained in the motion for new trial filed in the trial court. Neither is it based on anything therein contained. In jury cases assignments not predicated on the motion for new trial cannot be considered on appeal unless they present fundamental error. Western Union Telegraph Co. v. Hartfield (Tex. Civ. App.) 138 S. W. 418 (writ refused); Wellborn v. Wellborn (Tex. Civ. App.) 185 S. W. 1041 (writ refused); Western Union Telegraph Co. v. Golden (Tex. Civ. App.) 201 S. W. 1080, 1082. The assignment as presented does not involve fundamental error. Western Union Telegraph Co. v. Golden, supra, 1082. The record shows that the case was tried upon plaintiffs' first amended original petition. There is no contention that the petition upon which the case was tried was subject to the exception under consideration. Were we permitted under the rules prescribed by the Supreme Court governing our consideration of cases to consider the assignment, we would be compelled to hold it without merit.

[4, 5] Defendant complains of the action of the court in overruling his plea in abatement. The effect of such plea was merely to deny liability for reasons stated therein, No order overruling such plea appears in the record, and the matter is presented for review by bill of exception only. Under the authorities above cited, this assignment cannot be considered. Were we permitted under the rules to consider the same, we would be compelled to overrule it because it appears that said plea was presented to the court for action more than a year after it was filed, and because the issue presented thereby was one which should be raised by plea in bar and not in abatement. Tinnin v. Weatherford, Dallam, Dig. 590, 591.

Defendant complains of the action of the court in refusing to permit him to testify that the plaintiffs' original petition did not set out in detail the terms of the counter proposition which plaintiffs alleged was made by the purchaser and accepted by defendant, and also of the action of the court in excluding said petition when offered in evidence for the same purpose. It appears from the statement of facts that the deed conveying the property to the purchaser had not been filed for record when the original petition in this case was filed. Plaintiffs' employee Merriwether, who negotiated the sale, testified on the trial that defendant gave him certain terms of sale at the time he listed the property; that he offered the property to the purchaser on said terms, and that the purchaser refused to buy on such terms, but made a counter proposition offering to purchase the property on certain specific terms prescribed by him; that he submitted said counter proposition to defendant, and defendant accepted the same. The terms of the counter proposition so testified to by said witness were the same as the terms recited in the deed. Merriwether was not a member of plaintiffs' firm nor a party to the suit. He was not shown to have had anything to do with the institution of the suit nor to have been consulted with reference to the contents of the original petition filed in the case.

[6, 7] Abandoned pleadings, when they contain statements of fact pertinent to the issue being tried, are competent evidence as admissions of the party filing such pleading, but are, of course, subject to explanation. H. E. & W. T. Ry. Co. v. De Walt, 96 Tex. 121, 134–135, 70 S. W. 531, 97 Am. St. Rep. 877. The pleading offered in evidence in this case was not offered as an admission of any fact. It was offered for the purpose of showing that the details of the counter proposition, alleged to have been made by the purchaser and accepted by defendant, were omitted therefrom. It was offered, as shown by defendant's bill of exception, for

the avowed purpose of discrediting plaintiffs' witness Merriwether by raising an inference that his testimony concerning the making of such counter proposition and the acceptance of the same was fabricated, on the theory that had such counter proposition actually been made and accepted as aforesaid, he would have known the details of the trade, and that plaintiffs would have caused such details to be incorporated in said petition, and on the further theory that said witness learned such details for the first time from the recitals in said deed when the same was so recorded. It seems to be the general rule that mere failure to allege a particular fact in an abandoned pleading has no probative force in establishing whether such fact does or does not exist. 22 C. J. p. 331, § 372.

[8] Neither of plaintiffs testified in the trial of the case. Since said witness was not a party to the suit, nor shown to be in any way responsible for the contents of said petition, he could be neither discredited nor impeached by such contents.

[9, 10] Defendant presents an assignment of error complaining of the action of the court in giving two of plaintiffs' special requested charges to the jury. The assignment is multifarious and therefore in violation of the rules. Crain v. Huntington, 81 Tex. 614, 616, 17 S. W. 243; Hughes v. Railway Co., 67 Tex. 595, 597, 4 S. W. 219. See, generally, Tex. S. W. Dig. p. 1249, § 736. Defendant filed no objections to the charges at the time they were given. This was a waiver of any right to complain of the giving of the same. R. S. art. 1971; Ft. Worth & Denver City Ry. Co. v. Kidwell, 112 Tex. 89, 245 S. W. 667; G. T. & W. Ry. Co. v. Dickey, 108 Tex. 126, 134, 187 S. W. 184.

[11] Defendant, by another assignment of error, complains of the action of the court in refusing three separate special charges requested by him. Under the authorities cited above this assignment is multifarious and violates the rules. Each of these requested charges if given would have instructed the jury in general terms to find for defendant in event they found the facts recited therein to be true. When a case is submitted on special issues, charges calling for a general verdict are properly refused. Worden v. Kroeger (Tex. Com. App.) 219 S. W. 1094; Moore v. Pierson, 100 Tex. 113, 117, 94 S. W. 1132.

[12] Defendant's brief in this case was filed in the Court of Civil Appeals at Dallas, where this writ of error was then pending on April 6, 1923. There is apparently no attempt to conform to the rules for briefing cases prescribed and promulgated by the Supreme Court on June 22, 1921. While such brief appears to have been prepared under the rules in force prior to that time, it does not conform to the requirements of such rules. Plaintiffs objected to the consideration of several of the assignments discussed in this opinion. We recognize that some confusion growing out of the change of the rules necessarily existed after such change, and feel that some indulgence should properly be shown when it appears that the failure to comply with such rules resulted from oversight or a misconception of their provisions. Clifton Mercantile Co. v. Conway (Tex. Civ. App.) 264 S. W. 192, 194. While we have expressed herein our views concerning the merits of several assignments which violate such rules, both in form and in the manner of presentation, we have done so merely as a matter of indulgence. We again call attention to the fact that substantial compliance with such rules in preparing and presenting each assignment or proposition, respectively, is necessary to insure consideration of the same, and to justify a reversal thereon if such action should be warranted thereby.

The judgment of the trial court is affirmed.