## LANGE v. BRAUNER.

### No. 10650.

Court of Civil Appeals of Texas. Galveston.

June 29, 1938.

Hodde & Bouldin, of Brenham, and Rosser Thomas, of Houston, for appellant.

W. J. Embrey and Richard Spinn, both of Brenham, for appellee.

CODY, Justice.

This suit was brought by appellee, Oscar Brauner, in trespass to try title against appellant, Otto Lange, to recover title to and possession of a tract of 126½ acres of land in Washington County. Appellant answered by general demurrer, general denial, and a plea of not guilty, and also answered specially, as more particularly hereafter indicated. Appellee then, by his first supplemental petition, levelled special exceptions to such answer, in response to which portions of the answer were by the court ordered stricken out. The case was tried without a jury, and judgment was rendered in favor of appellee—plaintiff below—for title to

an undivided half of the land sued for. In response to appellant's request, the court filed his conclusions of fact and law below. The appellant urges here, as the principal grounds for reversal, the action of the court in ordering portions of the answer stricken. A brief summary of the court's conclusions of fact, in so far as material to an understanding of objections raised by appellant, will be set forth before the objections themselves are discussed.

The land in controversy was the community property, in their lifetime, of appellant's father and mother. They made a joint will by which their property went to the survivor for life, with remainder over as provided for in such will. Appellant's father died some 15 years before his mother, who died on September 15, 1934. At his father's death, this will was duly probated as his will; and was also again probated as his mother's will, after her death. The will devised four separate tracts of land, to four children of the deceased, respectively; requiring in connection with the devise of each tract that the devisee should pay over to the independent executor a specified sum of money for a specified tract of land. It is quite obvious that the purpose of the testator was, by this means, to raise money from the bequests made of land, with which to pay bequests of money made to their children to whom no land was devised. The tract in controversy was devised to appellant, subject to an obligation imposed on him by the will to pay the executor the sum of $1,500.00. On October 29, 1934, the day on which the joint will was probated as the will of the mother, the devisees thereunder, and the independent executor, executed to appellant a deed to the land here involved, and in this deed it was recited that it was "in consideration of the premises" (which in effect recited the facts here given), "and the fulfillment of the terms of said will." The deed was delivered to appellant in the office of the executor's attorney, in the presence of the devisees and of the executor and of the executor's attorney; and appellant paid over the money to the executor's attorney, who divided it among the devisees in the proportions which they were entitled to. No money came into the manual possession of the executor. The estate of appellant's mother was liable, of course, for the expenses of her last sickness and funeral, which was her only indebtedness at the time of her death. The funeral expenses seem to have been paid with money she left, but her doctor's bill was not paid. In cause No. 3118, filed in the county court September 12, 1935, by him on such bill, wherein the executor and appellant and a number of other devisees were parties defendant, the doctor recovered judgment on December 31, 1935. An execution was issued thereunder and levied on the land in controversy on February 12, 1936; and it was sold at sheriff's sale to appellee on April 7, 1936, for $226.00, the amount of the judgment and the costs, and the sheriff's deed was promptly recorded in the deed records of Washington County.

The learned Judge concluded that appellee acquired by the purchase at such sheriff's sale the interest in the land which appellant's mother owned at her death, which is, of course, an undivided half interest.

The first of the paragraphs which was, upon plaintiff's (appellee's) special exception, stricken from defendant's answer, alleged in substance: That before the county court suit (to recover the physician's charges for the last sickness) was ever filed, and before judgment was rendered or execution levied, or sheriff's sale had thereon, defendant (appellant) had become the fee simple owner of the 126½ acre tract by virtue of the deed to him from the executor and heirs, and payment by defendant of $1,500.00 as the purchase price therefor, without notice of the physician's claim, and defendant filed his said deed, before such county court suit was filed. So that defendant held such land as a purchaser, and not as a distributee of his deceased mother. Further, that the judgment in the county court case expressly provided that execution might issue against shares of the mother's estate in the hands of her heirs and distributees, inclusive of defendant; and authority of the sheriff to make levy was recited in the judgment, and in the execution thereunder, only on so much of a distributee's share as defendant had received from his mother's estate; and that the sheriff's return upon the execution, and his deed thereunder, fails to set out the share of land levied upon which defendant owned as distributee (as distinguished from his claimed character of purchaser). And therefore, in case it should be found that defendant holds any part of the land as a distributee, then, by way of cross-action, defendant prays that the court determine how much of such land he holds as purchaser, and how much he holds as legatee or distributee at the time of levy, and prays for the sheriff's deed to plaintiff to be reformed, so as to set out specifically that the levy was against defendant's' distributive

share only, and the deed be so reformed as to convey only so much of such land as defendant received as a distributive share.

To the foregoing pleading, which is paragraph 4 of appellant's answer, appellee excepted, as follows:

"Plaintiff also excepts to paragraph 4 of said answer, and that part thereof, which prays that the sheriff's deed, under which defendant admits plaintiff deraigns title to said property, be set aside and reformed, for the reasons therein stated, because such constitutes a collateral attack on the said sheriff's deed in this proceeding; and this court has no power to reform or set aside such sheriff's deed in this proceeding, upon a collateral attack by the defendant."

To the fourth paragraph of appellant's answer, appellee further excepted as follows:

"Plaintiff further excepts to that portion of said 4th paragraph in said answer, directed at the sheriff's deed, under which plaintiff claims title, * * * because the same indirectly attempts to set aside the judgment rendered against the decedent's estate, in a collateral attack thereon, which is not proper in this suit, and cannot be entertained by this court, and the same should be stricken from said answer."

The court, as already indicated sustained these special exceptions, and struck paragraph 4, and appellant undertook to preserve his exception by bills of exception, and not otherwise.

Paragraph 6 of appellant's answer, which the court also ordered stricken, alleged in substance:

"Alternatively this defendant pleads by way of cross-action that the sheriff's deed and sale should be set aside and cancelled for the reason that the fair cash market value of the land at the time of the sale was $1500.00, and the land was sold for only $226.00, which was a grossly inadequate price for the land. That the order of sale was vague and indefinite as to the interest in the land to be sold which prevented reasonable and fair bidding therefor. The notice of sale was not published in a newspaper as required by law and no showing made in the order of sale or execution or return thereon showing compliance with the statutory requirement as to publication of some notice in a newspaper, as there was at the time a newspaper published in the county. If it were competent for the entire interest in the land to be sold at the sheriff's sale, and if this had been generally known, many bidders would have appeared, and the land would have brought a price in keeping with its actual market value."

Plaintiff's exception to the allegations of said paragraph 6, and which the court sustained, was to the effect that it constituted a collateral attack upon the sale, and the judgment under which the execution sale was ordered; and that it fails to allege that such judgment and sale were void, and prays that such allegations be stricken from defendant's answer.

Appellee objects to our consideration of appellant's assignments of error, denouncing the action of the trial court, because such alleged error was attempted to be preserved by bills of exception, citing Roeser v. Coffer, Tex.Civ.App., 98 S.W.2d 275, 277,—quoting therefrom:

"It is said in Tex.Jur., Vol. 3, p. 575, § 404: 'The action of the trial court on demurrers or special exceptions to pleadings need not and cannot be preserved by a bill of exceptions, but must be affirmatively shown by a judgment or order entered of record and included in the transcript.' To the same effect are the following cases: Williams v. Trinity Gravel Co., Tex.Civ.App., 297 S.W. 878; Epting v. Nees, Tex.Civ.App., 25 S.W.2d 717; Hall v. Williams & Ellis, Tex.Civ.App., 267 S.W. 520; Miller v. Shelby County Inv. Co., Tex.Civ.App., 30 S.W.2d 668."

Appellant has not answered such objection to our consideration of the alleged errors. We do not stop to consider whether appellee's objection to our consideration of appellant's assignment is good or not. For, in any case, we are constrained to hold that the trial court's action in sustaining the exceptions complained of was correct.

In Crain v. Hogan, 16 S.W. 1019, the Supreme Court held:

"The levy may have been excessive; the land may have sold for a sum greatly less than its value; plaintiff in error may have had ample personal property subject to execution to satisfy the judgments, and have been deprived of an opportunity to point it out for levy, and he may have requested the officer to sell the land in small quantities; but, without something more, all these facts, if proved, would present no defense to this action.

"If cause for setting aside the sale existed, this should have been urged in some

**974**

direct proceeding, to which necessary parties were made; but such facts can be of no avail in this action, defendant in error being simply a purchaser."

And in Smith v. Perkins, 81 Tex. 152, 16 S.W. 805, 807, 26 Am.St.Rep. 794, the Supreme Court held:

"But if we concede that the sale was voidable on the ground of fraud, implied from gross inadequacy of price, etc., still we think the attack made upon it by the appellees in their plea in reconvention was collateral, and ought not to have been sustained in the court below. We cannot regard that plea as an original suit or equitable proceeding, instituted directly and for the sole purpose of vacating the execution sale and sheriff's deed on the ground of fraud, to which all of the parties in interest should be made parties to the suit, though expressions of opinion may be found to that effect in some of the cases reported. Such a proceeding would be a direct attack. Freem. Ex'ns. § 310."

"All those interested in the sale of the land, or to be affected by the vacating of the proceedings, were not made, nor asked to be made, parties to the suit in defendants' cross-bill. Neither the plaintiff in the execution nor the purchaser, Bass, was impleaded, though the sale of the entire 440 acres was declared void. Freem.Ex'ns., §§ 305, 306. The plaintiffs had instituted this suit as one of ejectment or trespass to try title, and that is its real character. The defendants attempted by their cross-bill (which is, in effect, an independent suit) to set aside and annul certain process, and the proceedings thereunder, emanating from another court. This plea of reconvention is, therefore, not only collateral to the present suit, but is also a collateral proceeding, in so far as it seeks to invalidate and set aside the proceedings taken in pursuance of the judgment and process of the justice court. The proper and direct remedy, supposing them to have the same right as Jones had, would have been by motion or original suit in the proper court having jurisdiction of such matters. Their actual possession of the land did not alter the case [citing authorities]."

■ It is quite clear that the stricken parts of appellant's answer was a collateral attack. And the plaintiff in judgment (the physician) was not made a party. Furthermore, no tender was made to appellee of the price he paid at the sheriff's sale.

Appellant's fourth assignment of error is here incorporated just as it is presented in his brief. It presents such assignment in the same way as does his first, second, and third, but, as it is the shorter, we set it forth in full:

"Appellant's Fourth Assignment of Error.

"The Trial Court erred in sustaining appellee's special exception to appellant's paragraph 7, which is:

"Be it remembered that on the trial of the above styled and numbered cause, in this court on March 31, A. D. 1937, the following proceedings were had, to-wit:

"The plaintiff Oscar Brauner, by his attorneys, presented to the court their special exception to the answer of the defendant which exception as presented by the plaintiff is as follows:

"Plaintiff excepts to par. 7 of said answer, and says the same should be stricken because it attempts to collaterally attack a judgment rendered in another proceeding in another court, upon which the sale was made by reason of which plaintiff received his title, and this court has no power to set aside such judgment in this proceeding, and that the same fails to allege the invalidity of such judgment by which this court would be authorized to set the same aside, if empowered to do so in this proceeding, and prays the same be stricken from said answer."

"The 7th Paragraph of the defendant's answer to which the above exception was levelled reads as follows:

"7th. The defendant further says that the judgment had in cause No. 3118 is void for the reason that the petition in said cause alleges a large number of parties to be defendants and prays for judgment against the executor of said estate and all of the heirs and beneficiaries under the will of Wilhelmina Lange, deceased. That no service was had on either Pauline Rust and Alvine Badke, two of the heirs and beneficiaries named in the will of Wilhelmina Lange. That it was not competent to obtain judgment against some of the distributees, but that said judgment should have been properly procured against all of said distributees, where all of said distributees were accessible and within the jurisdiction of the court, and the defendant alleges all of the distributees were accessible and within the jurisdiction of the court. That it was not competent for plaintiff in that suit to single out one al-

leged distributee to the exclusion of the others, and to levy upon the property of one distributee without alleging and proving that the other alleged distributees had no property of the estate in their hands by virtue of inheritance against which a levy could be made."

"The court sustained the exception of the plaintiff.

"To which ruling of the court in sustaining said exception the defendant then and there in open court excepted; and this bill of exception is now here prepared by the court, in accordance with the facts, and is ordered filed as a part of the record in the cause.

(See Bill of Exception No. 4. Transcript page 24).

"Statement.

"Before title under sheriff's deed can be had, there must be a valid judgment. If no valid judgment, no recovery can be had.

"Argument.

"In a Trespass to Try title suit, the party claiming under sheriff's deed must be able to establish that he has a valid judgment. That is one of the elements to establish title, and such matters are matters for determination in title suits, when want of title by reason of invalid judgment is plead. For the trial court to hold that such matters cannot be gone into in title suits when properly plead, is thereby assuming that the judgment is valid notwithstanding the fact that the contrary thereof is plead. When questions of title are involved, such matters as may prevent recovery for lack of essential instruments to obtain title, are proper defenses and should be permitted to be shown. Thus the trial court erred in not permitting same."

■ It will be noticed that appellant has presented no proposition of law under his fourth assignment for our consideration, nor does he present the assignment itself as a proposition; and we are compelled to infer from his entire discussion just what the point of his objection is. We conclude that appellant means by his fourth assignment to assert that the trial court by sustaining appellee's special exception to the seventh paragraph of appellant's answer, thereby prevented appellant from objecting to appellee's introducing into evidence this chain of title from the common source, namely—the judgment, the execution, the sheriff's return, and the sheriff's deed. But it is obvious that this was not the effect of the court's striking such portion of appellant's answer. He could have made any objection, when appellee offered these instruments in evidence, that he saw fit. We are unable to see that the trial court, by sustaining such special exception, thereby relieved appellant from the consequences of permitting the same to be admitted into evidence without objection. We are constrained to overrule this assignment.

■ By his fifth and sixth assignments of error appellant complains of the trial court, for failure to find that appellant acquired the tract in question by purchase, and not by devise. By his seventh assignment of error appellant complains that the judgment is contrary to the evidence; and by his eighth assignment of error, he complains that it is contrary to law. Under none of these assignments has he cited any authority for the positions that he takes. Appellant was charged with the knowledge that the land in question was liable for the debts of his mother. He knew that execution had been levied on the tract, and that it was posted for sale. And after the sale he did not bring suit to set it aside. We are unable to see how we can lawfully relieve appellant, at this time and in this action, of the consequences of his failure earlier to protect himself against the indebtedness.

Being unable to sustain any of appellant's assignments of error, we affirm the judgment.

Affirmed.

PLEASANTS, C. J., absent.